Filed 6/24/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ERIC ANTHONY DUNN,<br><br>     Defendant and Appellant. | H042059<br>(Monterey County<br> Super. Ct. No. SS140577A) |

     Pursuant to a negotiated plea agreement, defendant Eric Anthony Dunn pleaded no contest to possession of a controlled substance (cocaine) and admitted two prison prior allegations with the understanding he would receive a five-year sentence. As part of that agreement, the prosecution agreed to request the dismissal of two other charged felonies. Defendant was sentenced in August 2014 to a five-year "split sentence" prison term in which the court ordered defendant to serve two years six months in county jail with mandatory supervision for the remainder of defendant's sentence.

     Three months later, in November 2014, voters approved Proposition 47, the Safe Neighborhoods and Schools Act, which reduced specified property and drug offenses to misdemeanors. Proposition 47 also provided a recall procedure to resentence defendants convicted of certain felonies. In December 2014, defendant petitioned under Proposition 47 to have his sentence recalled and his felony conviction reclassified a misdemeanor. In opposing the petition, the People argued that reclassification would deprive them of the benefit of their plea agreement because defendant would receive a sentence reduction while retaining the benefits of the agreement (i.e., the dismissal of two felonies). After

the trial court confirmed defendant's unwillingness to withdraw his plea as a condition to obtaining relief under Proposition 47, it denied the petition.

On appeal, defendant contends the trial court erred by interpreting Penal Code section 1170.18, subdivision (a) as precluding Proposition 47 resentencing when the conviction upon which the sentence was based arose out of a negotiated plea.[1]  We hold that a defendant whose conviction is based upon a negotiated plea who is otherwise eligible for resentencing under Proposition 47 may not be denied relief on the ground that reclassification of his or her conviction to a misdemeanor would reduce the bargained-for punishment of the plea.  We also conclude that where a defendant files a petition for resentencing under section 1170.18(a) under the circumstances presented here, the trial court should neither condition a grant of the petition on the defendant's withdrawal from the plea agreement nor grant the prosecution's request to withdraw from the plea agreement.  Accordingly, we will reverse the order denying the petition for resentencing and remand the matter for reconsideration of the petition's merits without regard to whether a favorable ruling on the petition would result in a lesser punishment than provided in the plea agreement.

FACTS[2]

Shortly after 5:00 p.m. on March 4, 2014, a police officer conducted a traffic stop of a vehicle driven by defendant in the Chinatown section of Salinas, an area known for drug trafficking.  The officer determined that defendant was on conditional probation, was driving with a suspended license, and had an outstanding traffic warrant.  During a search incident to arrest, the officer located in defendant's pants pocket a powdery substance determined to be cocaine.  Defendant denied knowledge of the substance and claimed the pants belonged to his brother.

---

[1] All further statutory references are to the Penal Code unless otherwise stated. We will refer to section 1170.18, subdivision (a) as section 1170.18(a).

[2] The facts are based upon the report of the probation officer.

2

A search of defendant's vehicle yielded multiple baggies of substances that tested presumptively positive for cocaine and base cocaine. Police also located in the vehicle $571 (comprised mostly of $20 bills), 18 rounds of .38-caliber ammunition, 35 rounds of .25-caliber ammunition, and a police scanner.

PROCEDURAL BACKGROUND

On April 7, 2014, defendant was charged by information with three felonies: possession of a controlled substance for sale (Health & Saf. Code, § 11351; count 1); possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 2); and being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 3). The prosecution further alleged that defendant had suffered two prison priors (§ 667.5, subd. (b)).

On July 2, 2014, pursuant to a negotiated plea, defendant pleaded no contest to count 2 and admitted the two prison priors. He entered his plea based upon the understanding (1) he would receive a split sentence of five years pursuant to section 1170, subdivision (h), and (2) the District Attorney would request the dismissal of counts 1 and 3. On August 1, 2014, the court imposed a five-year split sentence in accordance with the negotiated plea, based upon a three-year upper-term sentence for the count 2 conviction and one year for each of the two prison priors. The court ordered defendant to serve two years six months in Monterey County Jail, and it suspended execution of the remainder of the sentence with defendant to be placed on mandatory supervision pursuant to section 1170, subdivision (h)(5)(B)(i).

Neither the reporter's transcript nor the clerk's minutes of the August 1, 2014 sentencing hearing specifically reflect the court's dismissal of counts 1 and 3. But the plea agreement clearly provided that dismissal of these counts was a condition of defendant's no contest plea, and the sentence (as reflected in the minutes and abstract of judgment) was imposed only as to count 2. Furthermore, the prosecution, in opposing the petition below, argued that because other felony counts had been dismissed pursuant to

3

the plea agreement, reclassification of the felony (drug possession) to which defendant pleaded guilty would deprive the People of the benefit of their bargain. And in this appeal, the Attorney General bases her argument upon the assumption that the two felonies had been dismissed. Because a plea agreement is a form of contract interpreted under contract principles, and because "[a]cceptance of the agreement binds the court and the parties to the agreement" (*People v. Segura* (2008) 44 Cal.4th 921, 930 (*Segura*)), we will infer that the sentencing court dismissed counts 1 and 3 in accordance with the plea agreement.

On December 3, 2014, defendant petitioned to have his sentence recalled and to be resentenced under Proposition 47, claiming the offense of which he was convicted was eligible for reclassification under section 1170.18(a). The People opposed the petition, indicating that while defendant was otherwise eligible for the requested relief, the People would not receive the benefit of their bargain if defendant's conviction was reclassified as a misdemeanor. In particular, the People argued that "[t]he defendant received a significant benefit [under the plea agreement] because the People dismissed a count which could have resulted in a life sentence for the defendant."

On March 6, 2015, after hearing argument, the trial court denied the petition. The court reasoned that the People would be deprived of a material aspect of the negotiated disposition if it granted the requested relief. It offered to permit defendant to withdraw his plea in conjunction with his petition, but after confirming defendant did not wish to do so, the court denied the petition.

## DISCUSSION

### I. *Defendant's Petition for Resentencing Was Improperly Denied*

#### A. Background and Contentions

The voters adopted Proposition 47 on November 4, 2014, and it became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain

4

ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091 (*Rivera*).) Proposition 47 also created section 1170.18, a new resentencing provision under which "a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).)" (*Rivera*, at p. 1092.)

Defendant contends the trial court erred in denying his petition. He argues the "court erroneously construed section 1170.18 to automatically disqualify him because his conviction was obtained by a plea agreement." The Attorney General responds that the trial court correctly held that defendant's Proposition 47 petition "would entitle the prosecution to withdraw the plea agreement and reinstate the dismissed felony counts." She contends the court correctly "declined to . . . grant [defendant] relief under Proposition 47 but still allow him to reap the benefits of his plea otherwise."[3]

### B. Interpretation of Section 1170.18

Whether a defendant is entitled to have his or her conviction reclassified as a misdemeanor under Proposition 47 is a question of statutory interpretation that is reviewed de novo. (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) "When we interpret an initiative, we apply the same principles governing statutory construction. We first

---

[3] There have been several decisions filed by the Second and Fourth District Courts of Appeal concerning the issue addressed herein. The California Supreme Court has granted review of those decisions and is presently considering the question in *Harris v. Superior Court*, review granted February 24, 2016 (S231489).

consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure." (*People v. Superior Court (Pearson )* (2010) 48 Cal.4th 564, 571; see also *People v. Briceno* (2004) 34 Cal.4th 451, 459.)

Section 1170.18(a) provides: "A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Italics added.) Thus, the statute unambiguously applies to defendants "currently serving a sentence for a conviction . . . by . . . plea." (*Ibid.*)

In *T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649 (*T.W.*), the juvenile court adjudicated a minor to be a ward of the court after the minor admitted receiving stolen property (§ 496). The juvenile court denied the minor's petition under section 1170.18(a), concluding that Proposition 47 "does not apply to negotiated dispositions." (*T.W.*, at pp. 650-651.) But the appellate court reversed the juvenile court, holding that "section 1170.18 clearly and unambiguously" applies to petitioners otherwise eligible for relief whose convictions were obtained by a plea agreement. (*Id.* at p. 652.) The *T.W.* court observed that "nothing in section 1170.18 reflects an intent to disqualify a petitioner because the conviction was obtained by plea agreement." (*Ibid.*) The court also reasoned

6

that interpreting section 1170.18 to include within its purview petitioners whose convictions were based upon plea agreements effectuated the intent of the voters to focus public resources on violent and serious crimes.  (*T.W.*, at pp. 652-653.)  Defendant contends that *T.W.* "is on point in supporting [his] argument that the superior court erroneously found his plea agreement precluded resentencing under section 1170.18."  The Attorney General ignores *T.W.* in her respondent's brief.  We agree with *T.W.* that under the plain language of section 1170.18(a), a defendant who is otherwise qualified to petition for resentencing under Proposition 47 is not barred from doing so on the basis that his or her conviction was obtained through a plea agreement.

The Attorney General contends that defendant should not receive the benefits of resentencing under Proposition 47 unless the People are permitted to withdraw from the plea agreement and reinstate the dismissed counts.  But this position finds no support in the initiative.  As noted, section 1170.18(a) authorizes a defendant convicted after a plea and serving a sentence at the time of Proposition 47's effective date to petition for reclassification.  The statute does not permit the court, in addressing the eligibility of petitioners, to consider crimes that were charged but dismissed.  Instead, under subdivision (b) of section 1170.18, if the court determines that a petitioner is eligible for resentencing, it "must recall and resentence the petitioner, unless it determines that doing so 'would pose an unreasonable risk of danger to public safety.' "  (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924.)  Thus, if a petitioner is otherwise eligible for resentencing, the trial court's only statutory mechanism for denying relief is through a finding that a defendant would pose an unreasonable risk of danger to public safety.

Further, there is no indication the electorate contemplated the prosecution's withdrawal from plea agreements as a necessary corollary to defendants availing themselves of Proposition 47's resentencing procedure.  To the contrary, language found in the ballot summary accompanying the text described the initiative as "requir[ing] resentencing for persons serving felony sentences for these offenses unless the court finds

7

unreasonable public safety risk." (Voter Information Guide, supra, summary of Prop. 47 by Atty. Gen., p. 34.) The ballot summary also noted "a one-time increase in costs resulting from the resentencing of offenders" (*id.*, analysis of Prop. 47 by Legis. Analyst, p. 37) without reference to costs associated with the invalidation of plea agreements.

The plain language of section 1170.18, subdivision (e) also fails to support the Attorney General's position. That subdivision provides in part that "[u]nder no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." (*Ibid.*) Allowing the prosecution to vacate a plea agreement and reinstate dismissed charges would, in many instances, subject petitioners to punishment greater than that provided under the plea agreement itself, such as the life sentence defendant would be subject to under one of the dismissed counts. "[W]hile an individual certainly may be penalized for violating the law, he [or she] just as certainly may not be punished for exercising a protected statutory or constitutional right." (*United States v. Goodwin* (1982) 457 U.S. 368, 372.)

Finally, if Proposition 47 were construed as authorizing the prosecution to withdraw from plea agreements in conjunction with a defendant's petition for resentencing, the goals of the initiative would be substantially impeded. In many instances, petitions would be thwarted, and the financial and social benefits of reduced sentences would not be realized.

C.     Prosecution's Right to Withdraw from Plea Agreement

As noted earlier, the plain language of section 1170.18(a) demonstrates its applicability to petitioners whose convictions were the result of plea agreements. Nothing in the initiative suggests the prosecution is entitled to unwind a plea agreement and reinstate dismissed charges in conjunction with a Proposition 47 petition. These impediments notwithstanding, the Attorney General—relying upon contract principles and our high court's 1978 decision in *People v. Collins* (1978) 21 Cal.3d 208 (*Collins*)—

8

contends the prosecution must be permitted to withdraw from a plea agreement in circumstances such as those presented here.

A negotiated plea bargain is an agreement between a defendant and the prosecutor; if it is accepted, its terms bind the parties and the trial court. (*Segura*, *supra*, 44 Cal.4th at pp. 930-931.) It is a form of contract and is therefore interpreted according to general contract principles. (*Id.* at p. 931.) Although the trial court may disapprove of the plea agreement's terms if, for instance, it believes the proposed disposition to be unfair, it may not alter the parties' agreement without the defendant's and prosecution's consent. (*Ibid.*) If the trial court accepts a plea and imposes a sentence in accordance therewith, "material terms of the agreement cannot be modified without the parties' consent. [Citation.]" (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Although the parties and the trial court may not unilaterally alter the terms of a plea bargain, subsequent statutory enactments or amendments may effectively alter the terms of a plea agreement. As explained by our high court in *Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Harris*), "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." As the Supreme Court explained, it is conceivable that the parties in a particular instance may expressly or implicitly agree that a plea's consequences will remain fixed despite the occurrence of future changes in the law. (*Id.* at p. 71.) But of itself, "prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Ibid.*) Therefore, the fact that a change in the law may disadvantage one party or the other to a plea agreement does not afford the disadvantaged party the right to revoke

9

it.  Our Supreme Court recently reaffirmed that a plea agreement is deemed generally to incorporate and contemplate both existing law and future amendments to the law.  (See *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 889, fn. 10.)

The Attorney General contends that defendant, by seeking relief under Proposition 47, is attempting " 'to retain the favorable aspects of his negotiated disposition while at the same time attempting to jettison its unfavorable aspects' [citation]."  But the decision in *Collins*, *supra*, 21 Cal.3d 208, relied on heavily by the Attorney General, does not support her position.  There, the defendant, pursuant to a plea agreement, pleaded guilty to one count of nonforcible oral copulation in violation of former section 288a.  That plea agreement also included the dismissal of 14 other felony counts as well as the dismissal of an allegation that the defendant committed the oral copulation by means of force.  (*Collins*, at p. 211.)  Before sentencing, however, the Legislature repealed former section 288a and enacted a new version of the statute that did not proscribe oral copulation between consenting adults.  (*Collins*, at p. 211.)  The defendant thereafter contended the trial court lacked jurisdiction to impose a sentence because of the decriminalization of the offense to which he had pleaded guilty.  (*Ibid.*)  The trial court overruled the objection and sentenced the defendant to state prison.  (*Id.* at pp. 211-212.)

On appeal, the Supreme Court agreed with the defendant that because the conduct for which he was convicted was no longer punishable, it was error for the trial court to have imposed a sentence.  (*Collins*, *supra*, 21 Cal.3d at pp. 212-213.)  But the defendant had also indicated he had no intention of withdrawing from the plea agreement because doing so might trigger the People's reinstatement of the dismissed counts.  He instead suggested the court "not reverse his conviction but rather 'correct' the sentence to 'no penalty'. . . ."  (*Id.* at p. 214.)

The Supreme Court held that, because "[a] conviction cannot stand on appeal when it rests upon conduct that is no longer sanctioned," the conviction should be reversed with directions to dismiss the count on which the defendant was convicted.

10

(*Collins*, *supra*, 21 Cal.3d at p. 214.)  But the court also ruled that the prosecution on remand should be permitted to reinstate the dismissed counts.  In so concluding, the court reasoned that given the absence of any punishment for the crime to which the defendant had pleaded guilty, the People would be completely deprived of the benefit of their bargain.  It said:  "Critical to plea bargaining is the concept of reciprocal benefits.  When either the prosecution or the defendant is deprived of benefits for which it has bargained, corresponding relief will lie from concessions made . . . . [¶] . . . [¶] The state, in entering a plea bargain, generally contemplates a certain ultimate result; integral to its bargain is the defendant's vulnerability to a term of punishment . . . . When a defendant gains *total relief from his [or her] vulnerability to sentence*, the state is substantially deprived of the benefits for which it agreed to enter the bargain.  Whether the defendant formally seeks to withdraw his [or her] guilty plea or not is immaterial; it is his [or her] *escape from vulnerability to sentence* that fundamentally alters the character of the bargain."  (*Id.* at pp. 214-215, italics added.)

The court noted that the defendant in *Collins* sought to "gain relief from the sentence imposed but [to] otherwise leave the plea bargain intact.  This is bounty in excess of that to which he is entitled.  The intervening act of the Legislature in decriminalizing the conduct for which he was convicted justifies a reversal of defendant's conviction and a direction that his conduct may not support further criminal proceedings on that subject; but it also destroys a fundamental assumption underlying the plea bargain—that defendant would be vulnerable to a term of imprisonment. The state may therefore seek to reestablish defendant's vulnerability by reviving the counts dismissed." (*Collins*, *supra*, 21 Cal.3d at p. 215, fn. omitted.)

*Collins*, *supra*, 21 Cal.3d 208 does not support the Attorney General's position here that, as a condition to granting defendant's Proposition 47 petition, the prosecution should be permitted to withdraw from the plea agreement and reinstate the two dismissed felonies.  *Collins* is distinguishable because the legislative action impacting the terms of

the plea agreement in that case occurred *before* the defendant was sentenced. Here, the voters adopted Proposition 47 after defendant had been sentenced and the case was final. Additionally, and perhaps more significantly, the change in the law impacting the plea agreement in *Collins* involved the *complete decriminalization* of the crime of which the defendant was convicted after a guilty plea, resulting in his "gain[ing] *total relief* from his vulnerability to sentence." (*Collins*, at p. 215, italics added.) Here, Proposition 47 merely reclassified and reduced the punishment for defendant's conviction to a misdemeanor.

We acknowledge there is some language in *Collins* which, read broadly, supports the Attorney General's argument that the People must be permitted to withdraw from a plea agreement and reinstate dismissed charges where changes to the law retroactively reduce bargained-for punishments. But such a broad holding cannot be reconciled with the Supreme Court's conclusion in *Harris*, *supra*, 57 Cal.4th at page 66 that "the general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." As we noted above, our high court observed that the parties might in a given case specifically agree that the terms of their plea agreement would not be impacted by subsequent changes in the law. (*Harris*, *supra*, 57 Cal.4th at p. 71.) But nothing in the record here shows that the prosecution and defendant made such an agreement, and the Attorney General does not assert there was one.

" 'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning.' [Citation.]" (*People v. Jenkins* (2010) 50 Cal.4th 616, 684.) Thus, the holding in *Collins* is limited: The prosecution may withdraw from a

12

plea agreement and reinstate dismissed charges when, before sentencing, a subsequent legislative change entirely eliminates a defendant's conviction and his or her vulnerability to incarceration, and, consequently, has the effect of entirely depriving the People of the benefit of their bargain. (*Collins*, *supra*, 21 Cal.3d at p. 215.) Here, defendant does not, by invoking the resentencing aspect of Proposition 47, seek to "gain[] total relief from his vulnerability to sentence." (*Id.* at p. 215.)

The Attorney General also relies on *In re Blessing* (1982) 129 Cal.App.3d 1026 (*Blessing*). There, the defendant, pursuant to a negotiated plea, was sentenced to a total of sixteen and one-third years on seven separate counts, including separate eight-month sentence enhancements for personal firearm use as to six of the counts. (*Id.* at pp. 1028-1029.) The Supreme Court later disallowed punishment for firearm use on consecutive subordinate offenses such as the defendant's, and the Court of Appeal concluded it could not give effect to the enhancements. (*Id.* at p. 1030.) But rather than striking the enhancements, the appellate court, relying on *Collins*, *supra*, 21 Cal.3d 208, permitted the People to seek an order from the trial court permitting their withdrawal from the plea agreement. (*Blessing*, at pp. 1031-1032.)

The holding in *Blessing* must be viewed in light of the Supreme Court's more recent decision in *Harris* that a "plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . ." ' [Citation.]" (*Harris*, *supra*, 57 Cal.4th at p. 66.) Furthermore, *Blessing* is distinguishable. Defendant here seeks to take advantage of a policy decision approved by the voters permitting him to petition the court to have his felony conviction reduced to a misdemeanor. As discussed above, plea agreements are subject to such changes. (*Harris*, at pp. 69-70.) By contrast, the change in law that affected the defendant's sentence in *Blessing* was the result of an intervening court decision, not a legislative determination of public policy.

We have also considered the other authorities cited by the Attorney General and conclude that they do not support the trial court's denial of the petition. For instance, in *In re Ricardo C.* (2013) 220 Cal.App.4th 688, the appellate court held that a dispositional order was unlawful where the juvenile court had ordered the minor to be placed in a facility different from the facility agreed to in a negotiated plea agreement. (*Id.* at p. 699.) The court held that the trial court could not accept some terms of the plea agreement and reject others, and it concluded that the juvenile court "was therefore constrained to reject the plea bargain and to restore the parties to their former positions." (*Ibid.*) By contrast, the trial court here was not dealing with an executory plea agreement in which it decided to accept some of its terms and reject others; therefore, *In re Ricardo C.* is distinguishable and does not support the Attorney General's position.

In *People v. Enlow* (1998) 64 Cal.App.4th 850, 855, the defendant was sentenced under a 1993 version of section 666.5, involving punishment for vehicle theft repeat offenders. The 1993 version of the statute was enacted as urgency legislation and included a sunset provision that would effectively repeal the increased prison terms and reinstate lesser penalties effective January 1, 1997. (*Ibid.*) The appellate court concluded that where it was clear the Legislature intended to provide for a specific period of increased punishment as part of urgency legislation, the defendant was not entitled to application of the lesser punishment, even if his sentence had not become final when the statute providing for lesser punishment became effective. *People v. Enlow* did not involve a plea agreement affected by subsequent statutory changes; therefore, it offers no support for the trial court's denial of defendant's petition here.

We conclude the trial court erred when it conditioned defendant's petition for resentencing upon his agreement to withdraw from the plea agreement. There was no dispute below that defendant was otherwise eligible for resentencing under Proposition 47. But because the trial court determined that defendant could not bring his petition without withdrawing from the plea agreement, it did not consider the merits of his

14

petition.  We will therefore reverse the order summarily denying the petition and remand the matter to the trial court.

DISPOSITION

The order denying the petition for resentencing is reversed, and the matter is remanded to the trial court for reconsideration of the merits of the petition in accordance with this opinion.

_____

Márquez, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Grover, J.

People v. Dunn
No. H042059

| | |
|---|---|
| Trial Court: | Monterey County<br>Superior Court No.: SS140577A |
| Trial Judge: | The Honorable Pamela A. Butler |
| Attorney for Defendant and Appellant<br>Eric Anthony Dunn: | Carrie Kojimoto<br>under appointment by the Court of<br>Appeal for Appellant |
| Attorneys for Plaintiff and Respondent<br>The People: | Kamala D. Harris,<br>Attorney General |
| | Gerald A Engler,<br>Chief Assistant Attorney General |
| | Jeffrey M. Laurence,<br>Senior Assistant Attorney General |
| | Eric D. Share,<br>Supervising Deputy Attorney General |
| | Amit Kurlekar,<br>Deputy Attorney General |

People v. Dunn
H042059