[No. D039073. Fourth Dist., Div. One. June 17, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
LOUIE F. MORA, Defendant and Appellant.

[No. D039527. Fourth Dist., Div. One. June 17, 2002.]

In re LOUIE F. MORA on Habeas Corpus.

**COUNSEL**

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, and Robert M. Foster, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HUFFMAN, J.**—In 1995 in superior court case No. SF87558, a jury convicted Louie F. Mora of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] while personally using a firearm (§ 12022.5) and inflicting great bodily injury (§ 12022.7), being a felon in possession of a firearm (§ 12021, subd. (a)), making a terrorist threat (§ 422), false imprisonment (§§ 236/237), assault with a deadly weapon (§ 245, subd. (a)(1)), inflicting corporal injury on a spouse or cohabitant (§ 273.5), and dissuading a witness by force (§ 136.1, subd. (c)(1)). In superior court case No. SF90038 Mora entered a negotiated guilty plea to possessing marijuana for sale (Health & Saf. Code, § 11359). The court sentenced him to 14 years four months in prison: the four-year upper term for assault with a firearm enhanced five years for personal firearm use, with consecutive eight-month terms for being a felon in possession of a firearm and making a terrorist threat (one-third the middle term), one year for assault with a deadly weapon (one-third the middle term) enhanced one year four months for personally using a firearm (one-third the middle term), one year for dissuading a witness (one-third the middle term), and eight months for possessing marijuana for sale in case No. SF90038 (one-third the middle term). In June 2001, the Department of Corrections advised the trial court that section 1170.15 provides for a full consecutive three-year term for dissuading a witness. On July 3, 2001, the trial court amended the abstract of judgment, ex parte, to provide for a full three-year term for dissuading a witness.

 In both the appeal and habeas corpus petition Mora contends amending the abstract of judgment in his absence was error and that increasing his

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

sentence places him in double jeopardy. (See *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 [28 Cal.Rptr.2d 172].) The People agree that the trial court erred in resentencing him in his absence. (*People v. Arbee* (1983) 143 Cal.App.3d 351, 356 [192 Cal.Rptr. 13].) We remand for resentencing and choose not to consider the double jeopardy issue absent a full record of the proceedings on remand.

Mora's February 2002 motion to vacate the judgment, treated as a petition for writ of habeas corpus, raises the same issues as the appeal. In light of our decision to remand for resentencing, the petition is dismissed as moot.

## DISPOSITION

The convictions are affirmed. The sentence is reversed and matter is remanded for resentencing in Mora's presence.

Kremer, P. J., and O'Rourke, J., concurred.