Filed 11/7/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re JOHN MANUEL GUIOMAR,<br><br>on Habeas Corpus. | H043114<br>(Monterey County<br>Super. Ct. Nos. SS131590A,<br>SS131650A) |

## I.  INTRODUCTION

In March of 2014, petitioner John Manuel Guiomar entered into a plea agreement that resolved four cases and resulted in four convictions (one in each case).  The trial court imposed a six-year aggregate sentence, comprised of a four-year term for robbery, a consecutive 16-month term for burglary, a consecutive eight-month term for failure to appear on a felony charge, and a concurrent two-year term for possession of a controlled substance.

In November of 2014, the electorate passed Proposition 47, which reclassified certain felony drug and theft related offenses as misdemeanors, including possession of a controlled substance and certain burglary offenses.  (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014.)

In April of 2015, petitioner filed a petition for recall of sentence under Proposition 47.  (See § 1170.18, subd. (a).)  The trial court granted the petition as to petitioner's convictions of burglary and possession of a controlled substance, designating those offenses as misdemeanors.  The trial court then resentenced petitioner to another six-year aggregate term by imposing a six-year term for the robbery and a concurrent four-year term for the failure to appear.

In his petition for writ of habeas corpus, petitioner contends that the trial court lacked jurisdiction to increase the terms for his robbery and failure to appear convictions. Petitioner also contends the trial court erred by failing to vacate his conviction for failure to appear on a felony charge, because the underlying felony offense was the possession of a controlled substance count, which had been reduced to a misdemeanor. Additionally, petitioner contends he received ineffective assistance of counsel at his resentencing hearing, because his counsel did not object to the increased terms for the robbery and failure to appear convictions.

In a supplemental petition for writ of habeas corpus, petitioner contends he was denied the right to be present at his resentencing hearing and that his trial counsel was ineffective for failing to object to his absence at the resentencing hearing. Petitioner also contends that he received an unauthorized second-strike sentence for his conviction of failure to appear on a felony charge, because the trial court had dismissed the strike allegation as to that count.

For reasons that we will explain, we reach the following conclusions. First, when a defendant's aggregate sentence includes multiple felony offenses, some of which are reduced to misdemeanors pursuant to Proposition 47, a trial court may resentence the defendant to increased terms for the remaining felony convictions, so long as the new aggregate sentence does not exceed the original aggregate sentence. Second, when a defendant is convicted of failure to appear on a felony charge, but the underlying felony charge is later reduced to a misdemeanor pursuant to Proposition 47, the trial court is not required to vacate the failure to appear conviction. Third, a defendant has the right to be present at a Proposition 47 resentencing hearing, but petitioner was not prejudiced in this case. Fourth, the trial court in this case imposed an unauthorized second-strike sentence for defendant's conviction of failure to appear on a felony charge. We will therefore grant habeas relief by modifying petitioner's sentence.

## II.    BACKGROUND

In March of 2014, petitioner entered into a plea agreement that resolved four cases and resulted in four convictions (one in each case):  (1) second degree robbery (Pen. Code, § 211;[1] case No. SS131590A), (2) burglary (§ 459; case No. SS131649A), (3) failure to appear on a felony charge (§ 1320.5; case No. SS131650A), and (4) possession of a controlled substance (Health & Saf. Code, § 11350; case No. SS130616A).

The trial court imposed a six-year aggregate sentence pursuant to the plea agreement.  The aggregate sentence was comprised of a four-year term for the robbery (the two-year midterm, doubled due to a prior strike), a consecutive 16-month term for the burglary (one-third of the midterm, doubled due to a prior strike), a consecutive eight-month term for the failure to appear on a felony charge (one-third of the midterm), and a concurrent two-year term (the midterm) for the possession of a controlled substance.

In April of 2015, petitioner filed a petition for resentencing under Proposition 47, indicating he was seeking reduction of his burglary conviction in case No. SS131649A. (See § 1170.18, subd. (a).)

At a hearing on May 6, 2015, at which petitioner was not present but was represented by counsel, the trial court granted the petition as to both the burglary and the possession of a controlled substance convictions, designating those offenses as misdemeanors and dismissing the strike allegation as to the burglary.  The clerk's minutes reflect that the trial court then resentenced petitioner "pursuant to stipulation," imposing a six-year term for the robbery and a concurrent four-year term for the failure to appear.

On October 21, 2015, petitioner filed a petition for writ of habeas in the trial court, raising sentencing issues.  The trial court denied the petition, finding that petitioner had

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

3

"consented, as a condition of his plea agreements in both cases, to waive his right to an appeal or any post-conviction writ review."[2]  Petitioner then filed a petition for writ of habeas corpus in this court in pro per, followed by a supplemental petition by counsel which raised additional issues, and we issued an order to show cause as to each petition.

## III.    DISCUSSION

### A.    *Jurisdiction to Resentence on Robbery and Failure to Appear Counts*

Petitioner argues that when his convictions of burglary and possession of a controlled substance were reduced to misdemeanors pursuant to Proposition 47, the trial court was required to delete those terms from his six-year aggregate sentence, which would have reduced his sentence by 16 months.  Instead, the trial court resentenced petitioner to the same aggregate six-year term it had originally imposed, by imposing a six-year term for the robbery instead of the original four-year term.  Petitioner contends the trial court had no jurisdiction to resentence him on counts unaffected by the section 1170.18 petition, and that its failure to reduce his aggregate term is inconsistent with the purpose of Proposition 47.

#### 1.    Estoppel

The Attorney General argues that petitioner should be estopped from challenging his sentence because he stipulated to the six-year robbery term.  However, petitioner was not present at the resentencing hearing, and he contends his counsel was ineffective for failing to object when the trial court resentenced petitioner without reducing his aggregate sentence.  Thus, in addressing petitioner's ineffective assistance of counsel claim, we would need to reach the merits of his claim that the trial court lacked

---

[2] Petitioner had signed a "Waiver of Rights" form in each case at the time of his pleas.  The form included the following statement:  "I hereby waive and give up all rights regarding state and federal writs and appeals.  This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court.  I agree not to file any collateral attacks on my conviction or sentence at any time in the future. . . ."

jurisdiction to increase the terms for convictions not affected by the granting of his petition for recall of sentence. (See *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1125-1126 [reaching merits of waived issue because of defendant's claim that trial counsel was ineffective for failing to object].)

Further, as petitioner points out in his traverse, it is unclear whether the phrase "pursuant to stipulation" referenced in the clerk's minutes referred to the original stipulated sentence or a new stipulation entered by petitioner's counsel at the resentencing hearing. If the phrase "pursuant to stipulation" referred to the original stipulated sentence, petitioner is not barred from seeking modification of that sentence, because "by its plain language section 1170.18 applies to convictions by trial or plea." (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 651; see *ibid*. ["the trial court erred by engrafting a plea agreement disqualifier into" section 1170.18]; *Doe v. Harris* (2013) 57 Cal.4th 64, 74 ["the terms of the plea agreement can be affected by changes in the law"].) We proceed to consider the merits of petitioner's claim.

## 2. Analysis

Two recent cases have held that a trial court has jurisdiction to resentence in a multiple felony count case following the granting of a section 1170.18 petition as to only some of the counts: *People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702 (*Sellner*) and *People v. Roach* (2016) 247 Cal.App.4th 178, 183 (*Roach*). (See also *People v. Cortez* (2016) 3 Cal.App.5th 308, 317 [trial court may "revisit all of its misdemeanor sentencing decisions" after granting a section 1170.18 petition]; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300.)

In *Sellner,* the defendant was originally sentenced on two counts in two separate cases. (*Sellner, supra,* 240 Cal.App.4th at p. 701.) Her sentence included a principal term of three years for the first count and a consecutive eight-month subordinate term (calculated at one-third of the two-year midterm) for the second count. (*Ibid.*) The trial court granted the defendant's Proposition 47 petition for resentencing as to the conviction

underlying the principal term, reduced that conviction to a misdemeanor, then resentenced the defendant for the second count, increasing the sentence on that count from an eight-month subordinate term to a two-year midterm. (*Sellner, supra,* at p. 701.) On appeal, the *Sellner* defendant argued that the trial court had no jurisdiction to resentence her on the second count, but the appellate court disagreed. The court explained that when consecutive terms are imposed, " 'the judgment or aggregate determinate term is to be viewed as interlocking pieces consisting of a principal term and one or more subordinate terms. [Citation.]' " (*Ibid.*) Further, because the Proposition 47 reduction resulted in a modification of the principal term, "the trial court not only was vested with jurisdiction to resentence in [the second case], it was required to do so. [Citations.]" (*Sellner, supra,* at pp. 701-702.)

In *Roach*, the defendant was originally sentenced on four felony counts in three separate cases. (*Roach, supra,* 247 Cal.App.4th at p. 182.) His aggregate four-year, four-month sentence was comprised of a three-year principal term for possession of methamphetamine, consecutive eight-month subordinate terms for unlawful possession of a firearm and receiving stolen property, and a concurrent three-year subordinate term for reckless driving. (*Ibid.*) The trial court granted the defendant's Proposition 47 petition for resentencing as to the possession of methamphetamine conviction and the receiving stolen property conviction. The trial court resentenced the defendant on all four counts, so that the defendant's aggregate sentence was still four years four months, by imposing a three-year principal term for the reckless driving conviction, a consecutive eight-month subordinate term for the unlawful possession of a firearm conviction, and a consecutive eight-month jail term for the two counts that had been reduced to misdemeanors. (*Roach, supra,* at p. 182.) On appeal, the *Roach* defendant argued that "the trial court erred in resentencing him to the same aggregate sentence originally imposed on his convictions in three cases" rather than imposing " 'an overall shorter sentence.' " (*Id.* at p. 183.) The *Roach* court disagreed, holding that "where a petition under section 1170.18 results in

6

reduction of the conviction underlying the principal term from a felony to a misdemeanor, the trial court must select a new principal term and calculate a new aggregate term of imprisonment, and in doing so it may reconsider its sentencing choices." (*Id.* at p. 185.)

Petitioner argues that *Sellner* and *Roach* erroneously concluded that a trial court may resentence a defendant on convictions in "other cases" after granting a Proposition 47 resentencing petition. Petitioner notes that subdivision (n) of section 1170.18 provides: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." Petitioner contends that two of his cases were ones "not falling within the purview" of Proposition 47 (§ 1170.18, subd. (n)), since his petition for resentencing did not pertain to the convictions in those cases.

We do not agree that section 1170.18, subdivision (n) precludes a court from resentencing a defendant on convictions from separate cases when the terms for those convictions are part of the defendant's aggregate sentence. An aggregate sentence is comprised of the principal term and any subordinate terms, even if the convictions arose out of "different proceedings or courts." (§ 1170.1, subd. (a).) Thus, when a trial court is called upon to resentence the defendant, it retains jurisdiction over all component parts of the aggregate sentence. (See *Roach, supra,* 247 Cal.App.4th at p. 194 [nothing in section 1170.18 "can reasonably be read to restrict the trial court's discretion to impose the same aggregate term upon resentencing"].) In other words, when an aggregate sentence includes convictions "falling within the purview" of Proposition 47 (§ 1170.18, subd. (n)) as well as convictions not affected by Proposition 47, the trial court has jurisdiction to resentence on all of the convictions under section 1170.1, subdivision (a).

We also do not agree with petitioner that permitting a trial court to resentence him "in the manner in which it did" is inconsistent with the purpose of Proposition 47. A stated purpose of Proposition 47 was to "[r]equire misdemeanors instead of felonies for

7

nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes" (Prop. 47, § 3, as approved by voters, Gen. Elec. (Nov. 4, 2014), eff. Nov. 5, 2014), but none of the stated purposes was to decrease aggregate sentences in all cases in which Proposition 47 relief was granted.

We note that in *Sellner* and *Roach*, the defendants' Proposition 47 petitions pertained to the convictions underlying the principal terms. In the instant case, the granting of petitioner's Proposition 47 petition did *not* affect the principal term, i.e., the four-year term imposed for the robbery conviction. Nonetheless, the trial court had jurisdiction to resentence petitioner on both the robbery conviction and the failure to appear conviction.

A trial court has jurisdiction to reconsider its prior sentencing choices "on remand following the reversal of a felony count for which a subordinate term had been imposed," and the court may impose "a higher term for the principal, or base, term, so long as the total prison term for all affirmed counts does not exceed the original aggregate sentence." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253 (*Burbine*).) In *Burbine,* the defendant had originally been sentenced to the 12-year midterm for continuous sexual abuse of a child, with consecutive two-year terms (calculated at one-third of the midterm) for two counts of committing a lewd act on a child, for an aggregate 16-year sentence. (*Id.* at p. 1254.) One of the lewd act convictions was reversed on appeal and the matter was remanded for resentencing. (*Ibid.*) At the resentencing hearing, the trial court imposed the 16-year upper term for the continuous sexual abuse of a child conviction and a concurrent six-year term for the lewd act conviction. (*Id.* at p. 1255.) The appellate court upheld the recalculated sentence, rejecting "the proposition that a remand for resentencing vests the trial court with jurisdiction only over that portion of the original sentence pertaining to the count that was reversed, and not over his sentence for the affirmed counts" and concluding, instead, that "upon remand for resentencing after the

8

reversal of one or more subordinate counts of a felony conviction, the trial court has jurisdiction to modify every aspect of the defendant's sentence on the counts that were affirmed, including the term imposed as the principal term." (*Id.* at pp. 1257, 1259; see also *People v. Castaneda* (1999) 75 Cal.App.4th 611, 614 [permissible to increase sentence on principal term upon resentencing following remand for resentencing due to improper imposition of an enhancement].)

Similarly, "[w]hen a sentence is subject to 'recall' under section 1170, subdivision (d), the entire sentence may be reconsidered." (*People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 (*Garner*).) In *Garner*, the court held that the same principle applied to a petition for "recall of sentence" under section 1170.126, subdivision (b), enacted as part of the Three Strikes Reform Act of 2012 (Proposition 36). (*Garner, supra,* at p. 1118.) In *Garner,* the defendant was convicted of receiving stolen property and had admitted three prior prison terms as well as four strikes. (*Id.* at p. 1115.) The trial court originally imposed a sentence of 25 years to life for the receiving stolen property conviction and struck the punishment for the prior prison terms. (*Id.* at p. 1116.) After Proposition 36 passed, the defendant successfully petitioned for recall of sentence. At the resentencing hearing, the trial court imposed a six-year term for the receiving stolen property conviction and imposed three consecutive one-year terms for the prior prison terms. (*Garner, supra,* at p. 1116.) The *Garner* court rejected the defendant's claim that "the trial court, in recalculating his sentence, was limited to resentencing on the base offense, and could not impose any sentence for the previously stricken prison term enhancements." (*Id.* at p. 1117.)

The instant case likewise involves a petition for "recall of sentence." (§ 1170.18, subd. (a).) Thus, when the trial court granted petitioner's petition and reduced two of his felony convictions to misdemeanors, it had jurisdiction to recalculate the terms for the two remaining felony convictions and could increase those terms, including the original

9

principal term, so long as the new aggregate sentence did not exceed the original aggregate sentence. (See § 1170.18, subd. (e).)

### 3. Ineffective Assistance of Counsel

Petitioner contends he received ineffective assistance of counsel at his resentencing hearing, because his counsel did not object to the increased terms for the robbery and failure to appear convictions, and in fact may have stipulated to the recalculated sentence.

"To prevail on a claim of ineffective assistance of counsel, the defendant must show counsel's performance fell below a standard of reasonable competence, and that prejudice resulted. [Citations.]" (*People v. Anderson* (2001) 25 Cal.4th 543, 569 (*Anderson*); see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) Prejudice is shown where there is a reasonable probability that, " ' " 'but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " ' [Citations.]" (*Anderson, supra,* at p. 569.)

In this case, even assuming that reasonable counsel would have objected at the resentencing hearing when the trial court increased the terms for the robbery and failure to appear convictions, petitioner has not shown prejudice. As we have explained, the trial court had jurisdiction to increase the terms for those convictions so as to arrive at the same aggregate term that it had originally imposed. Petitioner does not argue that if his trial counsel had objected, the trial court would have exercised its discretion and imposed a lower aggregate term. Petitioner therefore cannot prevail on his ineffective assistance of counsel claim.

10

## B.    *Failure to Appear on a Felony*

Petitioner next argues that his conviction of failure to appear on a felony charge (§ 1320.5) should be vacated because the underlying felony charge (possession of a controlled substance) was reduced to a misdemeanor pursuant to Proposition 47.[3]

Petitioner relies on section 1170.18, subdivision (k), which provides:  "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."

Petitioner points out that an element of section 1320.5 is that the person be "charged with or convicted of [the commission of] a felony," and he argues that the "predicate offense" was reduced to a misdemeanor and is now "a misdemeanor for all purposes" under section 1170.18, subdivision (k).  Since there is no longer a felony on which he was required to appear, he claims his conviction cannot stand.

The Attorney General contends petitioner's claim is "foreclosed by the plain language" of section 1320.5, since at the time of petitioner's failure to appear, he was "*charged* with a felony."  The Attorney General argues that it is "immaterial" that petitioner's ultimate conviction was for a felony.

The critical statutory language at issue is the phrase "shall be considered a misdemeanor for all purposes."  (§ 1170.18, subd. (k).)  "As in any case involving statutory interpretation, our fundamental task here is to determine the [legislative body's]

---

[3] This issue is currently pending in the California Supreme Court.  (See *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015, S229046 [briefing deferred pending decision in *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted Jan. 20, 2016, S231765]; see also *People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305.)

intent so as to effectuate the law's purpose.  [Citation.]  We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  We do not, however, consider the statutory language 'in isolation.'  [Citation.]  Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .  [Citation.]'  [Citation.]  That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.]  We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'  [Citations.]"  (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

There is no specific language in Proposition 47 supporting petitioner's argument that the redesignation of the conviction underlying his failure to appear conviction automatically invalidates the failure to appear conviction, which was valid at the time of conviction.  Proposition 47 created a specific procedure for persons who are currently serving a sentence for a felony that would have been a misdemeanor under Proposition 47, and it established criteria for resentencing and stated the effect of such resentencing.  (§ 1170.18, subds.(a)-(d), (i)-(k).)  Proposition 47 did not, however, establish a procedure for redesignation of any other convictions, including convictions that are ancillary or collateral to a redesignated conviction.

As petitioner points out, the phrase "shall be considered a misdemeanor for all purposes" (§ 1170.18, subd. (k)) is similar to a phrase found in section 17, subdivision (b), which states in part:  "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, *it is a misdemeanor for all purposes* . . . ."  (Italics added.)  Section 17, subdivision (b) was construed in *People v. Park* (2013) 56 Cal.4th 782 (*Park*), which held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b) could not subsequently be used to support an enhancement for a prior

12

serious felony conviction under section 667, subdivision (a). (*Park, supra,* at p. 798.) In *Park,* the underlying felony conviction had been reduced to a misdemeanor *prior to* the proceedings in which the defendant was alleged to have suffered a prior serious felony conviction. (*Id.* at pp. 787-788.) The court noted that this timing was significant: the defendant would have been "subject to the section 667(a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802.)

In contrast to *Park,* at the time petitioner failed to appear on a felony charge, the underlying felony charge had not yet been reclassified as a misdemeanor. Thus, at the time of his failure to appear, petitioner was "charged with . . . a felony." (§ 1320.5.) Moreover, the gravamen of a violation of section 1320.5 is "the defendant's act of jumping bail" (*People v. Walker* (2002) 29 Cal.4th 577, 585 (*Walker*)), not the nature of the crime for which the defendant is ultimately convicted. In fact, a defendant may be convicted of violating section 1320.5 even if he or she is not ultimately convicted of "the charge for which he or she was out on bail when failing to appear in court as ordered. [Citations.]" (*Walker, supra,* at p. 583.) Thus, even at the time of the resentencing hearing in this case, petitioner's conviction of failure to appear on a felony charge was still valid. Despite the fact that the underlying felony charge had been reduced to a misdemeanor pursuant to Proposition 47, the trial court was not required to vacate petitioner's failure to appear conviction.

### C.   *Right to be Present at Resentencing Hearing*

In his supplemental petition for writ of habeas corpus, petitioner contends he had a constitutional and statutory right to be present at the May 6, 2015 resentencing hearing. As we shall explain, since the trial court had jurisdiction to reconsider the entire sentence at that proceeding, petitioner is correct.

13

### 1. Procedural Bar

The Attorney General asserts that petitioner's claim is procedurally barred because he could have raised the issue on direct appeal following the resentencing hearing. (See *In re Reno* (2012) 55 Cal.4th 428, 490; *In re Harris* (1993) 5 Cal.4th 813, 827 (*Harris*) [petition for a writ of habeas corpus " 'ordinarily may not be employed as a substitute for an appeal' "].) In response, petitioner argues that because he was denied the right to be present at the resentencing hearing, he was also effectively denied the right to file a timely appeal after that hearing. Petitioner points out that his trial counsel sent him a letter detailing the outcome of the resentencing hearing in September of 2015, which was well beyond the time in which petitioner could have filed a notice of appeal. As the Attorney General does not dispute that petitioner did not receive timely notice of the outcome of the resentencing hearing, we will proceed to consider the merits of petitioner's claim. (See *Harris, supra,* at p. 829 [court may consider a petition for writ of habeas corpus that is essentially a substitute for appeal where there are "special circumstances" excusing the petitioner's failure to appeal].)

### 2. Analysis

The Attorney General does not contest the merits of petitioner's claim that he had a right to be present at his resentencing hearing. It is well settled that sentencing is a critical stage of criminal proceedings. (See *People v. Doolin* (2009) 45 Cal.4th 390, 453.) "[T]he defendant's right to be present extends to the imposition of a new sentencing package after an original sentencing package is vacated in its entirety on appeal and the case is remanded for resentencing. [Citation.]" (*U.S. v. Jackson* (11th Cir. 1991) 923 F.2d 1494, 1496.) Further, section 977, subdivision (b) requires a defendant to be "personally present . . . at the time of the imposition of sentence," unless the defendant has executed a written waiver. (Cf. *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109 [defendant had right to be present at Proposition 47 resentencing on misdemeanor but could waive that right through counsel pursuant to section 977,

14

subdivision (a)]; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1299 [defendant has the right to be personally present for resentencing after finding of eligibility under Proposition 36/Three Strikes Reform Act].)  Thus, petitioner did have the right to be present at the May 6, 2015 sentencing hearing.

### 3. Prejudice

We next address petitioner's claim that a violation of the right to be present at a resentencing hearing is structural error, such that he is entitled to a new resentencing hearing without showing prejudice.  Petitioner cites two cases in support of his claim: *People v. Mora* (2002) 99 Cal.App.4th 397 and *People v. Arbee* (1983) 143 Cal.App.3d 351.  In both cases, the appellate courts reversed and remanded for new sentencing hearings after finding the defendants were denied their right to be present.  However, neither case addressed the question of whether the error was structural or subject to harmless error analysis.  Thus, those cases do not support petitioner's claim.  As the California Supreme Court has held, "Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless-beyond-a-reasonable-doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23."  (*People v. Davis* (2005) 36 Cal.4th 510, 532.)

Petitioner contends the results of the May 6, 2015 resentencing hearing would have been different if he had been present because he could have given "input" on his rehabilitation.  However, petitioner has not shown that he has been making efforts at rehabilitation, nor has he provided authority for his claim that rehabilitation is relevant once the trial court has made the decision to resentence.  (Cf. § 1170.18, subd. (b)(2) [rehabilitation is relevant to a trial court's decision to deny a petition for resentencing because the petitioner poses an unreasonable risk of danger to public safety].)

Petitioner also asserts that his presence would have affected the trial court's "mistaken view" that it was required to impose the original six-year sentence.  Petitioner has not provided a reporter's transcript of the resentencing proceeding.  Thus, it is unclear

whether the trial court believed it was required to reimpose the original stipulated six-year sentence or whether the phrase "pursuant to stipulation" referenced a new stipulation entered by petitioner's counsel at the resentencing hearing. Petitioner relies on comments by the same trial court in a different case (*People v. Dunn* (2016) 248 Cal.App.4th 518), but that case is inapposite, because it involved denial of a Proposition 47 petition rather than a resentencing.

In sum, the violation of petitioner's right to be present at the resentencing hearing was harmless beyond a reasonable doubt.

### D. Imposition of Second-Strike Sentence for Failure to Appear

Petitioner contends he received an unauthorized second-strike sentence for the failure to appear conviction: a concurrent four-year term—i.e., the two-year midterm, doubled. The Attorney General concedes that the trial court erred in this respect.

When petitioner pleaded guilty to failure to appear on a felony charge, a strike allegation was dismissed as to that count. At the same time, petitioner pleaded guilty to the three other charges, and he admitted strike allegations as to two of those charges (robbery and burglary). In imposing the original six-year sentence, the trial court imposed doubled terms for the robbery and burglary convictions, but not for the failure to appear conviction.

At the Proposition 47 resentencing hearing held on May 6, 2015, the trial court imposed a concurrent doubled term of four years for petitioner's conviction of failure to appear on a felony charge. The clerk's minutes do not indicate that the People sought to reinstate the strike allegation as to the failure to appear conviction, and it does not appear that the People moved to withdraw from the original plea bargain. Thus, the trial court imposed an unauthorized sentence when it doubled the term for petitioner's failure to appear conviction.

16

## IV. DISPOSITION

As to the claims raised in the original petition for writ of habeas corpus, we deny relief. As to the claims raised in the supplemental petition for writ of habeas corpus, we find that petitioner is entitled to relief on his claim that the trial court erroneously imposed a second-strike sentence for his conviction of failure to appear on a felony charge.

We therefore order petitioner's sentence modified to reflect a two-year term for the conviction of failure to appear on a felony charge. The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

_____

BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____

ELIA, ACTING P.J.

_____

MIHARA, J.

Trial Court:                          Monterey County Superior Court
                                      Superior Court Nos.:  SS131590A, SS131650A


Trial Judge:                          Hon. Lydia M. Villarreal


Attorney for Petitioner:              Jonathan Grossman
Salvador Martinez, Jr.                Sixth District Appellate Program


Attorneys for Respondent:             Kamala D. Harris
The People                            Attorney General of California
                                      Gerald A. Engler
                                      Chief Assistant Attorney General
                                      Jeffrey M. Laurence
                                      Senior Assistant Attorney General
                                      Seth K. Schalit
                                      Supervising Deputy Attorney General
                                      Amit Arun Kurlekar
                                      Deputy Attorney General