Filed 4/5/21  P. v. Jordan CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD JORDAN,<br><br>    Defendant and Appellant. | B305548<br><br>(Los Angeles County<br>Super. Ct. No. YA057956) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Scott T. Millington, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jaime L. Fuster and Joseph P. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and petitioner Edward Jordan (defendant) appeals from the judgment entered after the superior court granted his Proposition 47 petition to reduce his conviction of petty theft with a prior conviction from a felony to a misdemeanor, and for resentencing. Defendant contends that the trial court erred in failing to give him the opportunity to appear with counsel at the resentencing hearing. We agree and reverse the judgment.

## BACKGROUND

In 2005, defendant was convicted after a court trial of three counts of assault with a deadly weapon, in violation of Penal Code section 245, subdivision (a)(1),[1] and petty theft with a prior conviction, in violation of section 666. The allegation that defendant inflicted great bodily injury on one of the assault victims, in violation of section 12022.7, subdivision (a) was found true, as were three prior felony strike convictions alleged pursuant to section 667, subdivisions (b) through (i), two prior serious felony convictions alleged pursuant to section 667, subdivision (a), and five prior prison terms within the meaning of section 667.5, subdivision (b).

The trial court sentenced defendant to consecutive indeterminate prison terms of 25 years to life for each of two assault convictions, 10 years for the two five-year enhancements pursuant to section 667, subdivision (a), and an additional three years for the great bodily injury enhancement. The court imposed consecutive determinate terms of one year, eight months

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

on the remaining two counts.[2]  On appeal from the judgment, we determined that the trial court had found true six prior prison terms alleged pursuant to section 667.5, subdivision (b), and had stricken them all during sentencing proceedings.  We thus ordered the superior court to correct its minutes and otherwise affirmed the judgment.

In 2018, defendant filed a Proposition 47 petition for resentencing on his petty theft with a prior conviction, pursuant to section 1170.18.[3]  The trial court held a hearing on the petition in the presence of a deputy public defender and the prosecutor, but defendant was not present.  The record before us does not indicate if or when counsel was appointed to represent defendant, or whether she had conferred with defendant prior to the hearing.  Counsel did not indicate on the record of the hearing

---

[2]     The record is not clear on the breakdown of the one year, eight month consecutive sentence, but section 1170.1 required, as now, one-third the middle term for consecutive determinate felony sentences.  At the time defendant was sentenced, one-third the middle term for a violation of section 666 was eight months, and one-third the middle term for a violation of section 245, subdivision (a)(1) was one year.  (See Stats. 2002, ch. 126, § 1 [§ 1170.1]; Stats. 2000, ch. 135, § 134 [§ 666]; Stats. 1976, ch. 1139, § 98, p. 5089 [§ 18]; Stats. 2004, ch. 494, § 1 [§ 245].)  Thus, the determinate sentence was eight months for the petty theft with a prior conviction and one year for the third assault.

[3]     Proposition 47 enacted section 1170.18, subdivision (a), which permits a person currently serving a sentence for a conviction of an enumerated offense, including theft, to petition to be resentenced where the facts show that the offense has since been reclassified as a misdemeanor.

that defendant had waived his appearance and we find no written waiver in the record before us.

On January 21, 2020, the trial court granted the petition, designating the petty theft with a prior conviction (count 2), as a misdemeanor. The court immediately resentenced defendant only as to count 2 and imposed a county jail sentence of eight months, with credit for time served, and left the remaining sentence unmodified.[4]

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends that his resentencing was a "critical stage" of the proceeding, and that he had a right to be present under the United States and California Constitutions. Defendant claims he was deprived of that right when the trial court resentenced him after granting his Proposition 47 petition. Quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893-894 (*Buycks*), defendant also contends that the trial court had "jurisdiction to modify every aspect of the sentence, and not just the portion subjected to the recall," and that his absence from the resentencing hearing deprived him of the opportunity to advocate for a full resentencing.

"[A] criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process

---

[4]     The trial court left the remaining sentence unmodified on January 21, 2020, but as defendant notes, the court amended the determinate sentencing abstract of judgment on February 27, 2020, by adding an additional year to the sentence in count 3. This may have been done without notice to the parties.

4

clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and sections 977 and 1043. [Citation.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1230.) A criminal defendant's right to be personally present extends to all critical stages of the criminal prosecution, including sentencing. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.) Resentencing is a critical stage at which a defendant has the right to be personally present. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 347.)

Respondent agrees that a defendant has a right to be present at a critical stage but argues that because an uncontested eligibility hearing under Proposition 47 is not a critical stage, there is no right of defendant to be present at the subsequent resentencing. We agree that a defendant need not be present for the uncontested *eligibility* determination, which does not require a hearing; however, after the trial court grants a Proposition 47 petition, the defendant has the right to be personally present at the subsequent resentencing hearing under section 1170.18. (*People v. Simms* (2018) 23 Cal.App.5th 987, 996; *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 110.)

Respondent suggests that resentencing under section 1170.18 is not a critical stage because it is not subject to the "full resentencing rule" articulated in *Buycks*, *supra*, 5 Cal.5th at page 893. Respondent argues that under *Buycks*, resentencing under section 1170.18 is permitted only with regard to enhancements predicated on felony convictions reduced to a misdemeanor. We disagree. Respondent's argument is based upon the following holding in *Buycks* at page 894: "[A]t the time of resentencing of a Proposition 47 eligible felony conviction, the trial court must reevaluate the applicability of any enhancement within the same

5

judgment *at that time*, so long as that enhancement was predicated on a felony conviction now reduced to a misdemeanor." There is nothing in that sentence that suggests that the full sentencing rule does not apply in Proposition 47 resentencing.

In fact, prior to the sentence quoted by defendant, the California Supreme Court had observed that the "full resentencing rule" applies to Proposition 47 cases, allowing the trial court "to modify *every* aspect of the sentence, and not just the portion subjected to the recall," and that any such modification may be based on "'any pertinent circumstances which have arisen since the prior sentence was imposed.'" (*Buycks, supra*, 5 Cal.5th at p. 893, citing with approval *In re Guiomar* (2016) 5 Cal.App.5th 265, 272-275; *People v. Cortez* (2016) 3 Cal.App.5th 308, 317; *People v. McDowell* (2016) 2 Cal.App.5th 978, 982; *People v. Roach* (2016) 247 Cal.App.4th 178, 183; *People v. Rouse* (2016) 245 Cal.App.4th 292, 300; *People v. Sellner* (2015) 240 Cal.App.4th 699, 701-702.)

We also disagree with respondent's assertion that an appropriate remedy available to defendant is to file a separate petition seeking relief under the sections 667, subdivision (a) and 1385, subdivision (b), as amended by Senate Bill No. 1393, to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction used to enhance a sentence. Senate Bill No. 1393 applies retroactively only to defendants in whose cases the judgment is not yet final, by application of the rule articulated in "*In re Estrada* (1965) 63 Cal.2d 740, 744-745, [absent evidence of contrary legislative intent, 'it is an inevitable inference' that the Legislature intends ameliorative criminal statutes to apply to all cases not final when the statutes become effective] . . . ." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972-

973.) Defendant's 2005 judgment was final when he filed his Proposition 47 petition. Section 1170.18, subdivision (n), provides: "Resentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does *not* come within the purview of this section." (Italics added.) "This subdivision emphasizes that, when a final judgment in a case cannot be opened for resentencing under the procedures created by section 1170.18, the judgment remains final . . . ." (*Buycks, supra*, 5 Cal.5th at p. 894.) Thus, Senate Bill No. 1393 does not provide a remedy for defendant.

However, Proposition 47 applies the full resentencing rule to an otherwise final judgment, and this "exception to this rule of finality applies not only to individual counts, but to the entire case in which the judgment contains at least one felony conviction qualifying for reduction to a misdemeanor under the resentencing procedures of Proposition 47." (*Buycks, supra*, 5 Cal.5th at p. 894.)

**DISPOSITION**

The judgment following resentencing is reversed, and the matter is remanded for full resentencing.  The trial court is ordered to conduct a new hearing at which defendant is present or waives his presence in accordance with Penal Code section 1193.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST