Filed 3/28/22  P. v. Motuapuaka CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>SIONE MOTUAPUAKA,<br><br>    Defendant and Appellant. | A161306<br><br>(San Mateo County<br>Super. Ct. No. SC068620A) |

Defendant Sione Motuapuaka appeals an order resentencing him after the trial court was made aware of an error in his original sentence.  He contends he was deprived of his constitutional and statutory rights to be present at the hearing.  We agree defendant had a right to be present that he did not waive, and because we are not persuaded beyond a reasonable doubt that this error was harmless, we remand the matter for resentencing.

## BACKGROUND

This case arises out of a plea agreement defendant made in 2010.  He was charged with seven counts of second degree burglary, one count of attempted robbery, four counts of second degree robbery, five counts of possession of a firearm by a felon, one count of theft, one count of false imprisonment, one count of kidnapping, one count of kidnapping for purposes of robbery, two counts of oral copulation by force or fear, and one count of

1

assault with a firearm, along with numerous enhancement and prior conviction allegations.

Defendant entered into a negotiated disposition whereby he pled guilty to two counts of second degree burglary (Pen. Code, § 460, subd. (b); counts 1 and 4)[1], four counts of second degree robbery (§ 212.5, subd. (c); counts 7, 11, 14, and 18); false imprisonment (§ 236; count 8); kidnapping (§ 207, subd. (a); count 23), and assault with a firearm (§245, subd. (a)(2); count 24). He also admitted, among other allegations, three firearm enhancements under section 12022.53, subdivision (b) (§ 12022.53(b)) and one under section 12022, subdivision (a)(1). The plea form indicated that the maximum possible sentence for these offenses was 66 years but that the parties stipulated defendant would receive a term of 60 years. The trial court imposed the negotiated prison sentence on March 5, 2010.[2]

Ten years later, the CDCR notified the trial court of a possible error in the sentence, in that the sentence included three full 10-year terms for the section 12022.53(b) firearm enhancements, and two of them, which were attached to subordinate terms for the substantive offenses (counts 7 and 14), should have been instead one-third the middle term, or three years and four months each. (§ 1170.1, subd. (a).)

Defendant filed a motion to correct the sentence, asking the court to reduce the two ten-year enhancements for counts 7 and 14 to three years and four months each, for a total prison term of 46 years and eight months. In

---

[1] All undesignated statutory references are to the Penal Code.

[2] Defendant appealed, and a different panel of this division reversed the requirement that defendant register as a sex offender, remanded for the trial court to exercise its discretion on that issue under the correct legal standard, and otherwise affirmed the judgment. (*People v. Motuapuaka* (Dec. 27, 2010, A127998) [nonpub. opn.].) On our own motion, we take judicial notice of the record and opinion in defendant's prior appeal.

response, the People acknowledged the sentence must be corrected to reduce those subordinate enhancements to one-third the middle term, and they further explained that the one-year firearm enhancement under section 12022, subdivision (a)(1) should be reduced to four months, for the same reason. If there were no further changes to the sentence, it would then be 46 years. But the People also noted that when resentencing, the court had discretion to reconsider all aspects of the sentence, as long as the new sentence did not exceed the initial aggregate sentence. (See *People v. Hill* (1986) 185 Cal.App.3d 831, 833-835.) The People asked the court to resentence defendant to a term as close to the originally agreed-upon 60 years as possible by imposing for the principal term, count 23, the aggravated term of eight years (doubled for a strike prior) rather than the middle term of five years that had been included in the original sentence, for a total term of 52 years after the terms for the firearm enhancements were reduced.

At the September 24, 2020 resentencing hearing, defendant's counsel announced his appearance and said defendant was "not present. He's a sentenced CDC prisoner. I'm appearing on his behalf."

The prosecutor set forth the factual basis for the plea, which was part of the record of the 2010 proceedings: "[T]he defendant had previously been convicted of a strike offense, that being an attempted robbery, in 1994. And then in this case, between January 3rd of 2009 and February 8th of 2009, the defendant committed five armed robberies, a burglary, a kidnapping, and a sexual assault against one of those robbery victims, all in San Mateo County.

"On January 3rd of 2009, the defendant, while armed with a firearm, attempted to rob the owner of the Daly City Liquor Store. He was unsuccessful only because the store owner refused to give him the money.

3

"On the next day, January 4th, 2009, Defendant committed a commercial burglary at the San Bruno Target store. During the commission of that crime, Defendant lit and threw a firecracker to distract the security personnel and then left the store without paying for the store property in his possession.

"On the next day, January 5th, 2009, Defendant, while armed with a firearm, robbed an employee of [a flower shop] in Colma. During the commission of the crime, he falsely imprisoned the employee in the bathroom.

"On January 16th of 2009, Defendant, while armed with a firearm, robbed the owner of [a donut] store in Daly City.

"On January 28th of 2009, Defendant, while armed with a firearm robbed an employee at the Subway sandwich shop in Daly City.

"On February 8th of 2009, Defendant, while armed with a firearm, robbed a female employee of [a] gas station located in San Bruno. During the commission of that crime, he forcibly moved the employee into a secluded area of the store where he bound and blindfolded her and forcibly made her orally copulate him."

That factual basis, the prosecutor argued, provided circumstances in aggravation sufficient to support the upper term for the kidnapping.

The trial court agreed with the prosecutor's recommendation. It noted first that defendant had faced a potential term of 172 years to life if convicted of all the crimes with which he was charged and that the intent of the plea bargain was that he would receive a 60-year term. The court went on, "He will receive a total of 52 years. So that seems appropriate," and concluded that "[g]iven all of the circumstances, . . . there are factors in aggravation which include . . . the threat of great bodily harm, violence, a high degree of cruelty, viciousness, callousness, and the crime was carried out in a manner

4

which indicates planning and sophistication." Using the aggravated eight-year term for the kidnapping as the principal term, the court calculated the remaining terms in a manner that resulted in a 52-year sentence.

## DISCUSSION

### I. Right to be Present at Resentencing Hearing

Defendant contends on appeal that he was deprived of his constitutional and statutory right to be present at the resentencing hearing. The Attorney General argues there was no constitutional violation. He concedes the state law procedures for waiving personal presence were not followed but contends defendant suffered no prejudice from the error.

A defendant charged has a right guaranteed both by statute and by the federal and state constitutions to be present during all critical stages of a prosecution, including sentencing. (*People v. Robertson* (1989) 48 Cal.3d 18, 60; *People v. Cutting* (2019) 42 Cal.App.5th 344, 348-349 (*Cutting*); *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414; *People v. Simms* (2018) 23 Cal.App.5th 987, 996 (*Simms*) [right to be present extends to resentencing]; Cal. Const., Art. 1, § 15; Pen. Code, §§ 977 & 1043.) The Attorney General makes no claim that these rights do not extend to the resentencing hearing at issue here.

The right to be present, however, may be waived. For constitutional purposes, a waiver of the right to be present is valid if it is "knowing, intelligent, and voluntary." (*People v. Cunningham* (2015) 61 Cal.4th 609, 633; *Simms*, *supra*, 23 Cal.App.5th at p. 996.) Our high court has described as "unsettled" the question of whether a waiver by defense counsel is effective, but has explained that " '[a]t a minimum, there must be some evidence that the defendant understood the right he was waiving and the consequences of doing so.' " (*People v. Mendoza* (2016) 62 Cal.4th 856, 899

(*Mendoza*).) In *People v. Davis* (2005) 36 Cal.4th 510, 531-532, our high court found the evidence insufficient when the record showed only that defense counsel represented to the court that counsel had discussed with the defendant a pretrial hearing on the admissibility of certain tape recordings and that the defendant would waive his presence. But there was no evidence defense counsel informed the defendant of his right to attend the hearing or that the defendant understood that by absenting himself he would be unable to contribute to the discussion of the tape recording's contents. (*Id.* at p. 532.)

The same is true here. Defense counsel merely told the trial court defendant was not present, that he was a sentenced CDC prisoner, and that counsel was appearing on his behalf. He made no representation that defendant knew he had a right to be present or that he voluntarily waived it. This does not amount to substantial evidence of a knowing and voluntary waiver. Indeed, counsel's explanation that defendant was a prisoner suggests he believed defendant was not entitled to be present. With his notice of appeal, defendant submitted a letter his counsel sent him after the hearing reporting on its results, and nothing in it indicates defendant knowingly waived his presence at the hearing.

We thus agree with defendant he was deprived of his constitutional right to be present at the hearing. As a result, we must reverse unless the error was harmless beyond a reasonable doubt. (*Mendoza, supra*, 62 Cal.4th at p. 902, citing *Chapman v. California* (1967) 386 U.S. 18, 23.)[3]

We conclude this standard has not been met. We recognize that defendant bargained for a 60-year stipulated sentence and, as the trial court

---

[3] We thus need not address whether defendant was also deprived of his statutory right to be present, which requires a written waiver, so as to trigger the more lenient prejudice standard for state law error. (*People v. Watson* (1956) 46 Cal.2d 818, 836; § 977, subd. (b)(1).)

noted, he received the benefit of his bargain. We also recognize that the court found factors in aggravation to support the upper term when resentencing defendant, factors that defendant does not argue are improper. Nevertheless, the trial court's decision to substitute the upper for the middle term on the principal count was a discretionary one, and in exercising its discretion the trial court could properly take into account " 'any pertinent circumstances which have arisen since the prior sentence was imposed.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*); accord, *Cutting*, *supra*, 42 Cal.App.5th at p. 350.) Here, defendant's absence prevented him from showing a change in his circumstances since the original sentencing.

*Cutting* is instructive on this point. The defendant there entered into an open plea, and the trial court imposed a sentence of approximately 19 years, about two years short of the maximum statutory sentence for the offenses. (*Cutting*, *supra*, 42 Cal.App.5th at p. 346.) On appeal, enhancements totaling nine years were ordered stricken based on an intervening change in the law, and the matter was remanded for resentencing in light of all relevant factors. Defendant was not present at the resentencing hearing, at which the trial court ordered subordinate terms to be served consecutively rather than concurrently as in the original sentence. (*Id.* at pp. 347-348.) The defendant again appealed, and after concluding he was deprived of his constitutional right to be present at a critical stage of the proceedings, the reviewing court found the error was not harmless beyond a reasonable doubt. (*Id.* at pp. 348, 350.) The court reasoned that on remand, the trial court "had jurisdiction to modify *every* aspect of the sentence" and could consider circumstances since the original imposition of sentence, for instance, mitigating factors that arose after the original sentencing, an expression of remorse, or a plea for leniency. (*Id.* at p. 350.) The court could

not conclude beyond a reasonable doubt that the defendant's presence would not have affected the trial court's exercise of its discretion.

*Cutting* is to some extent distinguishable because it involved an open plea (*Cutting*, *supra*, 42 Cal.App.5th at p. 346), and defendant here accepted a stipulated term of 60 years. But like the defendant in *Cutting*, defendant might have been able, had he been present, to express sincere remorse for his actions, to show that he had taken steps to reform his life or make amends, or in some other way to persuade the court to show mercy. The Attorney General points out that the record contains no evidence of such mitigating factors, but in defendant's absence, it is unclear how such evidence could have made its way into the record. Whether or not it is *likely* the court would exercise its discretion to impose a sentence below the maximum permissible, we cannot say *beyond a reasonable doubt* that it would not have done so, had defendant been present.

We recognize that in *In re Guiomar* (2016) 5 Cal.App.5th 265 (affd. on another point in *Buycks*, *supra*, 5 Cal.5th at pp. 896-897), the court found harmless beyond a reasonable doubt the defendant's absence from a resentencing hearing because he did not show he was making efforts at rehabilitation. (*Guiomar*, at p. 279.) But we find *Cutting*'s analysis more persuasive on this point. Nothing but speculation suggests the trial court would have rejected any appeal defendant made because nothing in the record shows what he *could* have said or shown. Bearing in mind that the People bear the burden to show that constitutional error is harmless beyond a reasonable doubt (*Cutting*, *supra*, 42 Cal.App.5th at p. 349), we conclude they have not done so. The matter must therefore be remanded for a resentencing hearing at which defendant is present, unless he makes a proper waiver.

## II. Custody Credits

Defendant also contends the trial court erred in failing to calculate his custody credits as of the time of resentencing.

It is the duty of the trial court to calculate custody credits while imposing sentence. (§ 2900.5, subd. (d).) And when a defendant is resentenced after a judgment is modified during the term of imprisonment, the defendant must receive credit for the time already served. (§ 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) As the Attorney General acknowledges, the trial court neglected to calculate custody credits when it resentenced defendant. Since we are remanding the matter for a new resentencing hearing, we also direct the court to calculate defendant's credits for the time he has served in custody when resentencing him.

## DISPOSITION

The September 24, 2020 order is reversed. The matter is remanded for the trial court to conduct a new resentencing hearing in accordance with the views expressed in this opinion. After doing so, the court shall prepare an amended abstract of judgment and forward a copy to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*People v. Motuapuaka* (A161306)

9