Filed 5/18/26  P. v. Hernandez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY PEREZ HERNANDEZ,<br><br>    Defendant and Appellant. | H053399<br>(Santa Clara County<br> Super. Ct. No. CC335802) |

In a separate domestic violence matter, defendant Anthony Perez Hernandez received a six-year sentence, which included two prior prison term enhancements.  While serving that sentence, he was sentenced in this matter to 30 years to life consecutive to 60 years for forcibly raping his daughter.  The trial court imposed the latter sentence—which did not include prior prison term enhancements—consecutive to the six-year term defendant was then serving.  Invoking an ameliorative change in the law which redefined the scope of a sentencing enhancement for a prior prison term, defendant petitioned for recall of *both* sentences under Penal Code section 1172.75 (all statutory references are to this Code).  In order to qualify for resentencing, defendant argued the sentence imposed here was aggregated with the domestic violence sentence that included now invalid prior prison term enhancements.  As we will explain, we agree with the trial court's determination that the two sentences were not aggregated and it therefore lacked jurisdiction to resentence defendant in this case.

## I. BACKGROUND

In case No. CC110431, defendant was convicted by plea in 2003 on one count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(1); count 1) and one count of inflicting injury on a spouse resulting in a traumatic condition, occurring within seven years of a prior qualifying conviction (Pen. Code, § 273.5, subd. (e); count 4). Defendant admitted serving two prior prison terms (§ 667.5, subd. (b)) and having a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12.) The trial court imposed concurrent four-year terms for counts 1 and 4 plus two consecutive one-year terms for the prior prison terms, resulting in a sentence of six years. This court affirmed the judgment in the domestic violence case on direct appeal. (*People v. Hernandez* (Oct. 12, 2004, H026625) [nonpub. opn.].)

In case No. CC335802, a jury convicted defendant of six counts of raping his daughter by force between 1997 and 1999 and found he personally inflicted great bodily injury. (§§ 261, subd. (a)(2), 667.61, subds. (b) & (e).) The trial court found true a prior strike conviction (section 667, subdivisions (b) through (i) and section 1170.12). Defendant was sentenced to an indeterminate term of 30 years to life (§ 667.61, subds. (b) & (e)), consecutive to a determinate term of 60 years for five of the rape counts (§§ 261, subd. (a)(2), 667.6, subd. (d)). The trial court made clear at sentencing that "defendant is serving a prison commitment on an unrelated charge [in] docket CC110431" and that "this sentence is to run consecutive to that sentence." This court affirmed the judgment in the rape case on direct appeal. (*People v. Hernandez* (June 16, 2006, H028372) [nonpub. opn.].)

Defendant petitioned the trial court to recall and fully resentence him in both cases. He argued he was serving an aggregate sentence associated with prior prison term enhancements now legally invalid under section 1172.75, making his sentence proper for recall under section 1172.1. The prosecution argued the sentence was not an aggregate sentence, thus depriving the trial court of jurisdiction under section 1172.75 to reconsider

2

the sentence imposed in the rape case. The two prior prison term enhancements—imposed only in the domestic violence case—appear on the California Department of Corrections and Rehabilitation (CDCR) list of cases eligible for resentencing under section 1172.75. The prosecution further noted that the determinate term in the rape case was imposed under section 667.6, subdivision (d), which mandates full-term consecutive sentencing. Given that defendant had already served the sentence in the domestic violence case, the prosecution suggested the trial court could direct CDCR to apply credits from resentencing in that case to the separate term imposed in the rape case.

Defendant countered that "jurisdiction is established by CDCR's identification of the *person* eligible for resentencing, not necessarily their individual cases," and that the earlier sentence containing now-unauthorized enhancements attached to the term imposed in the rape case creating an aggregate sentence involving multiple dockets. He argued the court's duty to fully resentence on all component parts of an aggregate sentence extends to a sentence imposed under an alternative sentencing scheme like section 667.6, subdivision (d).

The trial court determined it did not have resentencing jurisdiction over the rape case and denied defendant's petition. The court stated that "under normal circumstances" involving multiple cases combined into one abstract of judgment, "there would be an entitlement to a resentencing on the entire sentence." But because the sentences in the domestic violence case and the rape case were "separate sentences that were given at different times on different dates by different judges under different circumstances," the sentences were not aggregated such that the recall in the spousal abuse case resulted in a recall in the rape case. Although defendant had long finished serving the sentence in the domestic violence case that qualified for resentencing, the trial court recalled only that sentence and set a resentencing hearing.

3

## II. DISCUSSION

The sentence imposed in the domestic violence case included two one-year prior prison term enhancements under section 667.5, subdivision (b). At the time the sentence was pronounced in that case, section 667.5 allowed a one-year sentencing enhancement for any prior prison sentence served within a prescribed period. As a result of a legislative change, the enhancement is now limited to prior prison terms served for sexually violent offenses (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1), rendering any enhancement imposed under former section 667.5, subdivision (b) which was not based on a sexually violent offense now legally invalid. (§ 1172.75, subd. (a).)

Under section 1172.75, subdivision (b), CDCR must identify persons in custody currently serving a term for a judgment that includes a now invalid enhancement and must provide that information to the sentencing court. (§ 1172.75, subd. (b).) That court is then tasked with verifying that a judgment includes a sentencing enhancement described in section 1172.75, subdivision (a) and, if so, resentencing the defendant. (§ 1172.75, subd. (c).) Resentencing must result in a lesser sentence than the one originally imposed due to the elimination of the repealed enhancement unless the court finds that imposing a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).)

Full resentencing under section 1172.75 is required when a sentence—including an aggregate sentence arising from multiple cases—contains a now unauthorized enhancement for a prior prison term. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361; *In re Guiomar* (2016) 5 Cal.App.5th 265, 273 [reviewing aggregate sentences].) Section 1170.1 governs aggregate sentencing when a person is convicted of multiple felonies in different proceedings or courts. (§ 1170.1, subd. (a).) A court imposing determinate, consecutive sentences for multiple felonies must impose an aggregate term of imprisonment for all the convictions, consisting of the sum of the principal term, the subordinate terms, and any enhancements. (*People v. Catarino* (2023) 14 Cal.5th 748,

4

752.)  But defendant was sentenced here under section 667.6, subdivision (d), which is an alternative sentencing framework to section 1170.1.  (*Catarino*, at p. 752.)  Under section 667.6, subdivision (d), a full, separate, and consecutive term must be imposed for each sex offense committed under section 261, subdivision (a)(2) on separate occasions.  (*Catarino*, at p. 752.)  The term "shall be served consecutively to any other term of imprisonment and shall commence from the time the person otherwise would have been released from imprisonment."  (§ 667.6, subdivision (d)(3).)  A term imposed under section 667.6, subdivision (d) "shall not be included in any determination pursuant to Section 1170.1."  (§ 667.6, subdivision (d)(3).)  Under the plain meaning of section 667.6, subdivision (d)(3), the determinate term imposed in the rape case is a distinct sentence which could not be aggregated with the earlier domestic violence sentence that included prior prison term enhancements.  (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 630.)

Defendant appropriately concedes that the two sentences were not aggregated under section 1170.1.  He argues instead that the references to section 1170.1 in section 667.6, subdivision (d)(3) are irrelevant because they prohibit only concurrent sentences and traditional consecutive sentences (one-third the middle term).  He maintains that the abstract of judgment in the rape case committed him in a new aggregate sentence that included the prior prison term enhancements imposed in the domestic violence case.  But beyond the mere mechanics of consecutive sentencing, the record here affirmatively demonstrates that the trial court did not reimpose the prior prison term enhancements in the rape case.

Defendant argues the prior prison term enhancements imposed in the domestic violence matter were status enhancements that operated to link the total determinate sentences in both cases.  We agree that a prior prison term enhancement is a status enhancement that goes to the nature of the offender rather than the offense, such that an aggregate determinate sentence would reflect each such enhancement only one time.

5

(*People v. Edwards* (2011) 195 Cal.App.4th 1051, 1057, 1060.)  However, nothing in the imposition of a status enhancement in one case necessarily produces an aggregate sentence in multiple cases.  Nor are we persuaded by defendant's argument that separate sentences would arise only if the *offense* underlying the later sentence were actually committed while serving an earlier sentence (see *In re Tate* (2006) 135 Cal.App.4th 756, 764–765), in contrast to a later sentence being simply imposed during an earlier sentence as occurred here.  As we have explained, a separate sentence may be imposed under the alternative sentencing scheme of section 667.6, subdivision (d) without regard to custodial status.

Because the sentence imposed in the rape case did not aggregate with the domestic violence sentence that included now invalid prior prison term enhancements, section 1172.75 did not confer jurisdiction on the trial court to recall the sentence imposed in the rape case.  (§ 1172.75, subd. (c).)

### III.    DISPOSITION

The order denying defendant's petition for resentencing in case No. CC335802 is affirmed.

6

_____
Grover, Acting P. J.

**I CONCUR IN THE JUDGMENT ONLY:**


_____
Lie, J.


**I CONCUR:**


_____
Chung, J.[*]


H053399
*The People v. Hernandez*

_____

[*]Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.