Filed 8/16/21  P. v. Welch CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JEMAR DEWAYNE WELCH,<br><br>    Defendant and Appellant. | B309147<br><br>(Los Angeles County<br>Super. Ct. No. NA099773) |

APPEAL from an order of the Superior Court, Richard M. Goul, Judge.  Reversed and remanded with directions.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is Jemar Dewayne Welch's second appeal. In his first appeal, we affirmed his conviction of second degree murder but remanded to allow the trial court to exercise its sentencing discretion under Penal Code section 12022.53, subdivision (h),[1] to strike the firearm enhancement the court had imposed. Following a resentencing hearing at which Welch was represented by counsel but was not present, the trial court again imposed the firearm-use enhancement.

In this appeal, Welch contends he should have been given an opportunity to be present at the hearing so he could explain the postjudgment efforts he had undertaken to rehabilitate himself. Because the People have failed to meet their burden beyond a reasonable doubt that Welch's presence at the hearing would not have affected the outcome, we reverse the sentence and remand for a new resentencing hearing. On remand, Welch must be given an opportunity to be present, and the trial court shall take into account all relevant factors, including his postjudgment conduct, in exercising its discretion whether to strike the firearm enhancement.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Welch's Conviction of Second Degree Murder and First Appeal*

According to the testimony at trial, Welch shot and killed Alexander Johnson during a street confrontation between rival gang members. The jury convicted Welch of second degree murder (§ 187, subd. (a)) and found true the special allegations that the murder was committed for the benefit of a criminal

---

[1] Further undesignated statutory references are to the Penal Code.

street gang and Welch personally used and personally and intentionally discharged a firearm causing death (§ 12022.53, subds. (b), (c), (d)).  (*People v. Welch* (Oct. 9, 2018, B281532) [nonpub. opn.].)  The trial court sentenced Welch to 15 years to life in state prison for the murder, plus a consecutive term of 25 years to life for the use of the firearm pursuant to section 12022.53, subdivision (d).  (*Welch, supra*, B281532.)

In Welch's first appeal, we affirmed Welch's conviction but remanded for resentencing, concluding Senate Bill No. 620 (2017-2018 Reg. Sess.), which gave the trial court new discretion to strike a firearm enhancement under section 12022.53, subdivision (h), applied retroactively.  (*People v. Welch, supra*, B281532.)

B.    *The Trial Court's Resentencing Hearing*

The trial court held a resentencing hearing on September 21, 2020.[2]  Welch's appointed attorney was present, but Welch was not.  At the outset of the brief hearing, the court inquired of Welch's attorney, "[W]e are here for the *Franklin* setting[3] and sentencing on the weapon.  And what would you like to do?"  Welch's attorney responded, "Well, the sentencing on the weapon, we can do that kind of whenever you want to do that. [¶] . . . [¶]  It doesn't matter to me when we do it."

After a brief discussion about scheduling of the *Franklin* hearing (and no argument about the firearm enhancement), the

---

[2]    Judge Richard Romero, who presided over the trial, is no longer serving as a Los Angeles Superior Court judge.

[3]    In *People v. Franklin* (2016) 63 Cal.4th 261, 284 the Supreme Court held a youth offender must have a "sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing."

3

trial court explained as to resentencing, "First off, as far as the remittitur on the sentencing, the court, having reviewed the file and transcripts that were available, does exercise its discretion in imposing the weapons enhancement as imposed at the time of sentencing.  That resolves that issue as far as the court's remittitur."  The prosecutor then inquired, "So to be clear, the gun allegation remains?"  The court confirmed, "Yes.  The allegation remains.  The court exercises its discretion in imposing it, yes."  Welch again appealed.

## DISCUSSION

A.  *Welch Had a Constitutional and Statutory Right To Attend the Resentencing Hearing*

"A criminal defendant has a 'constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence.'" (*People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*) [defendant was denied right to be present at sentence modification hearing at which she was ordered to pay restitution and restitution fine, but error was not prejudicial]; accord, *People v. Cutting* (2019) 42 Cal.App.5th 344, 347-348 (*Cutting*) [defendant had federal constitutional right to be present at resentencing hearing following change in law applicable to nine-year enhancement initially imposed by trial court]; *People v. Sanchez* (2016) 245 Cal.App.4th 1409, 1414, 1417 [finding prejudicial violation of defendant's constitutional and statutory right to be present at resentencing following reversal of conviction on one count where trial court imposed consecutive instead of concurrent sentence]; see Cal. Const., art. I, § 15 [defendant in criminal case has the right "to be personally present with counsel"]; Pen. Code, §§ 977, subd. (b)(1) [defendant "shall be personally present . . . at the time of the imposition of sentence"], 1193, subd. (a) ["defendant shall be personally present

4

when judgment is pronounced" unless defendant waives presence].)

As the Supreme Court explained in *People v. Cole* (2004) 33 Cal.4th 1158, 1230, "[A] criminal defendant has a right to be personally present at certain pretrial proceedings and at trial under various provisions of law, including the confrontation clause of the Sixth Amendment to the United States Constitution, the due process clause of the Fourteenth Amendment to the United States Constitution, section 15 of article I of the California Constitution, and sections 977 and 1043." (Accord, *People v. Virgil* (2011) 51 Cal.4th 1210, 1234 ["A criminal defendant's right to be personally present at trial is guaranteed by the Sixth and Fourteenth Amendments of the federal Constitution."]; see *Cutting, supra*, 42 Cal.App.5th at pp. 347-348 [sentencing and resentencing hearings are "critical stages" of the criminal prosecution for which a criminal defendant has right to be personally present pursuant to the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment].)

"A defendant may waive [his or] her constitutional right to be present for sentencing 'as long as [his or her] waiver is voluntary, knowing and intelligent.'" (*Nieves, supra*, 11 Cal.5th 404, 508; accord, *People v. Mendoza* (2016) 62 Cal.4th 856, 898; *People v. Davis* (2005) 36 Cal.4th 510, 531 (*Davis*).) However, contrary to the People's contention, the failure of defense counsel to object to the defendant's absence does not forfeit the defendant's right to be present. (*Nieves*, at p. 508; *People v. Penunuri* (2018) 5 Cal.5th 126, 162 [defense counsel's failure to object to defendant's absence during codefendant's closing argument did not forfeit defendant's right to be present].) Rather, the question is whether the defendant made a valid

waiver of his or her right to be present.  (*Nieves*, at p. 508; *Davis*, at p. 532.)  "At a minimum, there must be some evidence that defendant understood the right he was waiving and the consequences of doing so."  (*Davis*, at p. 532 [finding insufficient evidence of defendant's knowing and intelligent waiver of his presence where the record only showed that defense counsel stated counsel had discussed the hearing with defendant and defendant would waive his presence].)[4]

The People contend Welch forfeited his right to appear personally when his trial counsel advised the court that the resentencing hearing could happen "whenever you want to do that."  However, nothing in this statement by Welch's counsel shows Welch was knowingly and voluntarily absent from the hearing or did not wish to appear.  (See *Nieves, supra*, 11 Cal.5th at p. 508 [trial court violated defendant's constitutional right to be present at resentencing, noting "[t]here is no indication that defendant made any valid waiver of her right to be present"]; *Cutting, supra*, 42 Cal.App.5th at p. 348 [trial court erred in resentencing absent defendant, concluding defendant "did not waive his right to be present, and his lawyer did not represent to the court that he had surrendered it"].)

---

[4]     Section 977, subdivision (b)(1), provides for a written waiver of a defendant's statutory right to be present, stating in relevant part, "[I]n all cases in which a felony is charged, the accused shall be personally present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence.  The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ."

Alternatively, the People argue Welch did not have a right to be present at the resentencing because the trial court was only considering whether to strike the enhancement, and not whether to modify the entire sentence. Generally a trial court has jurisdiction on remand to reconsider a defendant's sentence in its entirety. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 ["[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'"]; *People v. Bell* (2020) 48 Cal.App.5th 1, 24 [based on appellate court's striking of a section 667.5, subdivision (b), prior prison term enhancement, "the trial court is entitled to reconsider appellant's entire sentence"].) The People are correct that in this case, however, section 190, subdivision (a), provides for a sentence of 15 years to life for second degree murder. Therefore, the trial court's discretion was limited to the firearm enhancement. However, a defendant is entitled to be present for resentencing on even a portion of a sentence. (See *Nieves, supra*, 11 Cal.5th at pp. 507-508 [defendant had right to be present at resentencing as to victim restitution and restitution fine].) The People cite to no authority to the contrary, nor is there.[5]

Accordingly, because Welch had a constitutional and statutory right to be present at resentencing, which right he did

[5]     The People's contention that Welch was required to file a motion to strike or dismiss the firearm enhancement also lacks merit. In Welch's first appeal, we specifically remanded for resentencing in order "to allow the trial court to determine whether to strike the enhancement imposed under section 12022.53." (*People v. Welch, supra*, B281532.) No further motion was necessary.

7

not waive, the trial court erred in resentencing Welch without him being present in court.

B.    *The Trial Court's Error in Resentencing Welch in His Absence Was Prejudicial*

"Although the exclusion of the defendant from a critical proceeding constitutes error, it is not structural error."  (*People v. Perez* (2018) 4 Cal.5th 421, 438; accord, *People v. Perry* (2006) 38 Cal.4th 302, 312 ["Erroneous exclusion of the defendant is not structural error that is reversible per se, but trial error that is reversible only if the defendant proves prejudice."].  "Under the federal Constitution, error pertaining to a defendant's presence is evaluated under the harmless beyond a reasonable doubt standard set forth in *Chapman v. California* (1967) 386 U.S. 18, 23."  (*Davis, supra*, 36 Cal.4th at p. 532; accord, *People v. Mendoza, supra*, 62 Cal.4th at p. 902; see *Cutting, supra*, 42 Cal.App.5th at p. 348 [reviewing constitutional error in resentencing defendant in his absence for *Chapman* error].)

Welch contends "his absence prevented him from raising any objections to the re[]sentencing decision, prevented him from offering any postconviction evidence of his rehabilitative efforts since the crime, and prevented him from testifying as to his conduct, educational efforts, and post-sentencing conduct while in prison."  (See *People v. Yanaga* (2020) 58 Cal.App.5th 619, 622 [trial court prejudicially erred when "[i]t refused to consider appellant's postjudgment rehabilitative efforts in prison because it mistakenly believed it could consider only information before the original sentencing court"]; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460 ["[I]t is well settled that when a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any

8

pertinent circumstances which have arisen since the prior sentence was imposed."]; *People v. Jackson* (1987) 189 Cal.App.3d 113, 119 ["[W]here a sentence has been vacated and the issue remanded to the trial court for resentencing, the trial court must consider information concerning defendant's postoriginal sentencing behavior contained in a supplemental probation or corrections report."].)  We agree the error was not harmless beyond a reasonable doubt.

The People argue there was no prejudicial error because Welch's attorney did not request an updated probation report or present evidence of Welch's postjudgment conduct.  But it was the People's burden to show the federal constitutional error was harmless beyond a reasonable doubt.  (See *People v. Mower* (2002) 28 Cal.4th 457, 484 ["[T]he standard stated in [*Chapman*], requires the People, in order to avoid reversal of the judgment, to 'prove beyond a reasonable doubt that the error . . . did not contribute to the verdict obtained.'"]; *Cutting, supra*, 42 Cal.App.5th at p. 349 ["The People . . . fundamentally misapprehend their burden on appeal:  Under the *Chapman* harmless error standard, the burden is on the People, not the defendant, to demonstrate that the violation of the defendant's federal constitutional right was harmless beyond a reasonable doubt."]; but see *In re Guiomar* (2016) 5 Cal.App.5th 265 [petitioner's right to be present at resentencing hearing under Proposition 47 (the Safe Neighborhoods and Schools Act of 2014; § 1170.18) was harmless beyond a reasonable doubt because petitioner did not show he had made efforts at rehabilitation or that those efforts would have been relevant to resentencing once trial court found him eligible for resentencing], affd., *People v. Buycks* (2018) 5 Cal.5th 857.)

The People presented no evidence at the resentencing hearing relating to Welch's postjudgment conduct, nor does the record reflect that the court considered any postjudgment conduct (or any factors) before deciding not to strike the firearm enhancement.  Welch was in the best position to provide information about his four years of postjudgment conduct in prison, as well as his educational and rehabilitative efforts.  Absent information about Welch's conduct in prison, we cannot tell whether this conduct and any other information Welch could have presented would have swayed the trial court to strike the firearm enhancement.  As the Court of Appeal explained in *Cutting, supra*, 42 Cal.App.5th at page 350, in finding the violation of Cutting's right to be present at resentencing was prejudicial, "Cutting may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; he may have made a plea for leniency.  [Citation.]  While the trial court may or may not have chosen to believe what Cutting might have said, if he said anything, we cannot conclude beyond a reasonable doubt that his presence at the hearing would not have affected the outcome."  (Accord, *People v. Rodriguez* (1998) 17 Cal.4th 253, 258 [explaining as to defendant's right to be present on remand at hearing for trial court to exercise its discretion whether to dismiss his prior strike convictions, "The evidence and arguments that might be presented on remand cannot justly be considered 'superfluous,' because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion."]; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 ["'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.'"].)

10

The People's argument that any error was harmless because there were three aggravating factors that supported the trial court's resentencing decision also lacks merit. Even if the aggravating factors supported imposition of the firearm enhancement at the time of sentencing, Welch had a right to the exercise of the trial court's discretion in considering both pre- and postjudgment factors at the time of resentencing. (See *People v. Yanaga, supra*, 58 Cal.App.5th at pp. 627-628.)

## DISPOSITION

The trial court's order declining to strike the firearm enhancement is reversed and the matter is remanded for resentencing. Welch must be afforded the opportunity to be present at the resentencing hearing with counsel. The court shall order a supplemental probation report and consider relevant sentencing factors, including postjudgment circumstances.[6]

FEUER, J.

We concur:

PERLUSS, P. J.          SEGAL, J.

---

[6] In light of the jury's true finding on the firearm enhancements under section 12022.53, subdivisions (b), (c), and (d), on remand the trial court should consider whether to exercise its discretion to strike or impose the greater and lesser enhancements. (*People v. Morrison* (2019) 34 Cal.App.5th 217, 222 ["Courts now may 'strike or dismiss' an enhancement under

section 12022.53, subdivision (d) in the interests of justice under section 1385. In a case where the jury had also returned true findings of the lesser enhancements under section 12022.53, subdivisions (b) and (c), the striking of an enhancement under section 12022.53, subdivision (d) would leave intact the remaining findings, and an enhancement under the greatest of those provisions would be mandatory unless those findings were also stricken in the interests of justice."].)

The Supreme Court has granted review in *People v. Tirado* (2019) 38 Cal.App.5th 637, 644, review granted Nov. 13, 2019, S257658 to address the following related issue: "Can the trial court impose an enhancement under Penal Code section 12022.53, subdivision (b), for personal use of a firearm, or under section 12022.53, subdivision (c), for personal and intentional discharge of a firearm, as part of its authority under section 1385 and subdivision (h) of section 12022.53 to strike an enhancement under subdivision (d) for personal and intentional discharge of a firearm resulting in death or great bodily injury, even if the lesser enhancements were not charged in the information or indictment and were not submitted to the jury?" The resolution of that question will not affect whether the trial court in this case on remand should consider imposition of the subdivision (b) and (c) enhancements because the jury found both enhancements to be true.