Filed 5/30/24  P. v. Perez-Niebles CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JUAN JOSE PEREZ-NIEBLES,<br><br>　　　Defendant and Appellant. | H051062<br>(Santa Cruz County<br>　Super. Ct. No. 21CR05853) |

Defendant Juan Jose Perez-Niebles was sentenced to four years in prison after pleading no contest to drug possession with a firearm and admitting a prior conviction for domestic violence.  Defendant argues that the trial court erred in doubling his sentence under the "Three Strikes" law (Penal Code, § 667, subds. (b)-(i)) based on the domestic violence conviction.  (Subsequent undesignated statutory references are to the Penal Code.)  Defendant also argues that the trial court abused its discretion in rejecting his request under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*) to strike the allegation of this prior conviction and also in denying his motion to withdraw his plea.  Finding no error or abuse of discretion, we affirm.

## I. BACKGROUND

Because defendant pleaded no contest, the facts below are drawn from the preliminary hearing transcript and the presentence report.

Defendant was born in 1999 in Mexico. He came to the United States in 2015 and has lived here since then.

In December 2021, police officers executed warrants for defendant's arrest. After taking defendant into custody in a motel, the officers searched his room and found a loaded firearm as well as substances later determined to be methamphetamine and heroin. Defendant waived his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, and he told the officers that the drugs were for his personal use and the firearm was for his personal protection because someone was threatening him.

In January 2022, the prosecutor filed an information charging defendant with possession of a controlled substance with a firearm in violation of section 11370.1, subdivision (a), of the Health and Safety Code, possession of a firearm by a felon in violation of section 29800, subdivision (a), and possession of ammunition by a prohibited person in violation of section 30305, subdivision (a)(1). The information also alleged 2019 convictions under sections 245 and 273.5 as well as convictions under section 10851 of the Vehicle Code. The information did not allege any serious or violent felony convictions under the Three Strikes law.

In May 2022, the trial court held a plea hearing. By that time, the prosecutor was asserting that defendant's 2019 domestic violence conviction was for a serious felony and therefore a prior strike under the Three Strikes Law. At the start of the hearing, the trial court addressed whether the domestic violence conviction allegation should be struck under *Romero*. The court observed that defendant had a "very heavy burden to overcome" under *Romero* because the domestic violence conviction was only three years old, and he had committed multiple offenses since that conviction. It concluded that "if, in fact, there is an oral motion for *Romero*, the Court is not going to grant it," and "[i]f this is merely a query made about what the Court would do, the Court, if *Romero* was filed[,] would not be inclined to grant it."

2

The trial court then took defendant's plea. Defendant's initial trial counsel informed the court that, although a 2019 strike was not included in the information, "we stipulate to the addition of the 2019 strike that is not there," and defendant "will admit [the] strike." After the prosecutor moved to dismiss other cases against defendant, the trial court confirmed that defendant understood that under his plea agreement he would be sentenced to four years in state prison. The trial court also confirmed that defendant understood that his conviction might lead to deportation and other adverse immigration consequence, and defense counsel informed the court that he had advised defendant of such consequences. The court confirmed as well that defendant understood that he was admitting a prior strike. After the prosecutor informed the trial court that the 2019 strike was for "[v]iolation of Penal Code Section 273.5 with a GBI [great bodily injury] enhancement," the court asked defendant if he admitted the prior conviction, and defendant replied that he did. Finally, defense counsel concurred in defendant's plea, waiver of rights, and admission. The trial court therefore accepted the plea and admission.

After the prosecutor filed an amended information adding a prior strike allegation—albeit for assault with a deadly weapon under section 245, subdivision (a)(1), rather than domestic violence under section 273.5—defendant retained new counsel and moved to withdraw his plea. In briefing supporting the motion, defendant asserted that he entered into the plea under the mistaken belief that he could receive probation or local time rather than imprisonment. Additionally, at oral argument, defendant's new counsel asserted that defendant received ineffective assistance because initial trial counsel failed to investigate mitigating circumstances such as childhood abuse, childhood drug use, and abuse by a romantic partner that should have been raised in support of his *Romero* request. The prosecutor contradicted this assertion. He informed the court that "[t]his information, to my recollection, was reported to the Court." The trial court agreed,

stating that the prosecutor "is correct" about what was discussed "in informal chambers conversations."

The trial court then denied the motion to withdraw the plea on the ground that defendant had not established good cause. The court found that "there was absolutely no confusion on Mr. Perez Niebles' part" concerning the punishment that he faced and that "[h]e was advised of the immigration consequences in this case." The court also reiterated that, in light of "how recent the strike prior was" and defendant's "recent significant felony history," defendant had "no hope with any sort of formalized *Romero* motion."

The court sentenced defendant to an aggregate term of four years. It concluded that the mid-term for the count to which defendant had pleaded—possession of a controlled substance with a firearm in violation of section 11370.1, subdivision (a) of the Health and Safety Code—was two years, which was doubled under the Three Strikes law because of defendant's serious felony strike prior.

Defendant filed a timely notice of appeal, and the trial court granted a certificate of probable cause.

## II. DISCUSSION

### A. *The Three Strikes Law*

Defendant contends that his sentence should not have been doubled under the Three Strike law because his 2019 domestic violence conviction was not properly pleaded as a strike and the conviction was neither proven nor admitted to be a serious felony. Although defendant did not raise either objection in the trial court, the Attorney General has not objected to their consideration, and we therefore exercise our discretion to consider them. (See, e.g., *People v. Anderson* (2020) 9 Cal.5th 946, 962-963 (*Anderson*).) Finding no error in the trial court's application of the Three Strikes law, we reject defendant's objections.

4

### 1. The Three Strikes Law

The Three Strikes law addresses the problem of recidivism. The stated purpose of the law is "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of one or more serious or violent felony offenses." (§ 667, subd. (b).) Under the law, offenses listed in section 667.5, subdivision (c) qualify as violent felonies, and offenses listed in section 1192.7, subdivision (c) qualify as serious felonies. (§ 667, subd. (d)(1).) If a defendant is convicted of a felony and has "one prior serious or violent felony conviction," the defendant's sentence for that felony is doubled. (§ 667, subd. (e)(1).) If a defendant is convicted of a felony and has two or more prior serious or violent felony convictions, the defendant generally is sentenced to an indeterminate term of life imprisonment with a minimum term that is at least the greater of 25 years or three times the punishment for the current felony conviction. (§ 667, subd. (e)(2); but see *id*., § 667. subd. (e)(2)(C) [creating exceptions].)

In keeping with the "bedrock principle of due process" that defendants are entitled to fair notice of the charges against them (*Anderson*, *supra*, 9 Cal.4th at p. 953), the Three Strikes law requires that any prior conviction used as a "strike" to increase a defendant's sentence be "pled and proved." (§ 667, subd. (e)(1); § 667, subd. (e)(2)(A); see also § 667, subd. (f) ["The prosecuting attorney shall plead and prove each prior serious or violent felony conviction" unless the conviction allegation is dropped or dismissed for lack of evidence.].)

### 2. The Informal Amendment Doctrine

Defendant argues that the prosecutor did not properly plead his 2019 domestic violence conviction as a strike under the Three Strikes law because the information did not allege that this offense constituted a serious or violent felony, and the information was not formally amended to do so before his plea hearing. While that is correct, under the informal amendment doctrine "a defendant's conduct may effect an informal

5

amendment." (*People v. Sandoval* (2006) 140 Cal.App.4th 111, 133 (*Sandoval*); see also *People v. Sawyers* (2017) 15 Cal.App.5th 713, 721 ["[U]nder the 'informal amendment' doctrine, a defendant may, by his conduct, impliedly consent to amendment of a pleading."].) That is what happened in this case.

Although an individual charged with a crime has a " 'right to fair notice of the specific sentencing enhancement allegations that will be invoked to increase punishment for his crimes' " (*Anderson*, *supra*, 9 Cal.4th at p. 953, quoting *People v. Mancebo* (2002) 27 Cal.4th 735, 747), the fair notice requirement is flexible. The Penal Code expressly permits an indictment or information to be amended upon discovery of a previously uncharged conviction (§ 969a), and there is no requirement that such an amendment be in writing or even formally requested. (*People v. Toro* (1989) 47 Cal.3d 966, 977; *Sandoval*, *supra*, 140 Cal.App.4th at pp. 132-133.) Instead, under the "informal amendment doctrine," in "certain limited circumstances [courts] have recognized informal, unwritten amendments as effective." (*Anderson*, *supra*, 9 Cal.5th at p. 960.) In particular, this doctrine applies where the defendant had notice that the People intended to add allegations concerning a prior felony conviction and defense counsel informed the trial court that defendant has no objection to the addition. (*Sandoval*, *supra*, 140 Cal.App.4th at p. 134 [finding informal amendment where defendant had reasonable notice of a prior strike allegation and his attorney "stated that she had not objection to the amendment"]; see also *Anderson*, *supra*, 9 Cal.5th at p. 960 [noting that in *Sandoval* "[d]efense counsel stated that she had no objection to the amendment"]).

Here, defendant received notice of the People's intent to add an allegation concerning a prior serious felony conviction, and his initial trial counsel consented to addition of the allegation. At the plea hearing, although the information did not allege defendant's 2019 domestic violence conviction was a prior strike under the Three Strikes law, defense counsel informed the trial court that "we stipulate to the addition of the 2019 strike," that defendant "will admit [the] strike," and that the resulting sentence "will be a

6

four-year mitigated two-term term doubled." Thus, prior to his plea, defendant was informed that the prosecutor was using his 2019 domestic violation as a prior strike and understood how it would increase his sentence. In addition, far from remaining silent or just acquiescing to this new allegation, defense counsel expressly agreed to it. (Defendant had no real choice: Had he not agreed to the informal amendment, the prosecutor easily could have filed an amended complaint alleging a prior conviction for a serious or violent felony—as, in fact, the prosecutor did several months after the plea hearing.) Thus, the informal amendment doctrine squarely applies to the defendant's 2019 domestic violence conviction.

### 3. Adoptive Admission

Defendant also argues that the prosecutor failed to prove that his domestic violence conviction was for a serious or violent felony. Although domestic violence under section 273.5 is not automatically considered a serious or violent felony, it becomes a serious felony under the Three Strikes law if it involves the infliction of great bodily injury. (§ 1192.7, subd. (c)[8] [defining " 'serious felony' " to include "any felony in which the defendant personally inflicts great bodily injury on any person, other than accomplice"]; see also § 667, subd. (d)(1) [incorporating the definition of serious felony in § 1197.2, subd. (c)].) Defendant concedes that he admitted to a prior conviction for domestic violence, but denies admitting that this offense involved great bodily injury. In fact, defendant admitted both that his domestic violence conviction involved great bodily injury and that the conviction is a "strike" under the Three Strikes law.

In the plea hearing, defendant admitted that his conviction for domestic violence involved great bodily injury. After noting that the information did not allege this conviction as a strike, the trial court asked whether "[we were] going to admit it anyway." The prosecutor replied "Yes" and explained that the strike was for "[v]iolation of Penal Code Section 273.5 with a GBI [great bodily injury] enhancement." The trial court then asked defendant "[d]o you admit that prior conviction," and defendant replied

7

"Yes." Defendant now contends that he admitted to the conviction for violating section 273.5 but not to causing great bodily injury. However, just before the trial court asked defendant whether he admitted his prior domestic violence conviction, the prosecutor had stated that the conviction involved great bodily injury. In addition, before asking defendant to confirm the admission, the trial court stated that "you admit at the time of the commission of the offense in count 1, that you had previously in docket 19CR01790, been convicted of a 273.5 on August 14, 2019, a *strike*." (Italics added.) As a consequence, it is clear from the context that defendant admitted not just to a prior conviction for domestic violence, but also to a conviction involving great bodily injury.

Elsewhere as well, defendant and his counsel admitted that this conviction was a "strike." At the beginning of the plea hearing, after stipulating to the addition of the allegation concerning his 2019 domestic violence conviction, defense counsel stated that defendant "will admit that *strike*." (Italics added.) In addition, after informing defendant that his plea agreement would subject him to an "aggravated double" sentence, the trial court asked whether he understood that under the agreement he would "be admitting a prior *strike*." (Italics added.) Defendant answered "Yes." Thus, it is clear that defendant understood he was admitting to a prior conviction that constituted a strike and would double his sentence.

*People v. Scott* (2023) 91 Cal.App.5th 1176 (*Scott*) reached a similar conclusion. The defendant in *Scott* was convicted of voluntary manslaughter, and his sentence was increased because of a 2009 conviction for unlawful taking or driving of a vehicle, which qualified as a serious felony and therefore a strike because of a gang enhancement. (*Id.* at pp. 1179-1180; see also § 1192.7, subd. (c)(28) [defining "serious felony" to include offenses that violate § 186.22, which addresses gang enhancements].) When the Legislature subsequently amended the requirements for gang enhancements, the defendant challenged his enhancement on the ground that his prior conviction lacked the evidence required by the amendment. (*Scott*, *supra*, at p. 1179.) The Court of Appeal

8

rejected this challenge. Because the defendant had stated " 'I admit the strike prior,' " the court held that the defendant "cannot challenge the sufficiency of the evidence of the strike." (*Id*. at p. 1181.) Similarly, here, because defendant expressly admitted to a prior strike, he cannot deny now that his prior conviction constituted a strike.

Defendant tries to distinguish *Scott* on the ground that he did not state "I admit the strike prior" and "admitted only a conviction of section 273.5, not the conviction's status as a strike." The transcript shows otherwise: As noted above, when asked whether he would "be admitting a prior strike," defendant replied "Yes." Defendant also asserts that "[a] defendant's admission is to facts, not the legal implications of those facts." However, he fails to offer any support for this point. (See, e.g., *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' "].) In any event, defendant admitted to violating section 273.5 just after the prosecutor noted the violation was "with a GBI enhancement" and thus clearly admitted to a violation of section 273.5 involving great bodily injury.

We conclude that the prosecutor both pleaded and proved a serious felony conviction and therefore defendant's sentence was properly doubled in light of that conviction under the Three Strikes law.

### B. *The* Romero *Motion*

In addition to arguing that the People did not plead and prove a prior serious felony conviction under the Three Strikes law, defendant asserts that the trial court abused its discretion in refusing to strike the allegation concerning that conviction. Section 1385 grants trial courts power to dismiss actions "in furtherance of justice" (§ 1385, subd. (a)), and the power to dismiss actions includes the lesser power to strike allegations affecting sentencing. (*Romero*, *supra*, 13 Cal.4th at p. 504.) Defendant argues that the trial court abused its discretion in preemptively denying his request to strike the allegation of his domestic violence conviction and in doing so without

considering mitigating circumstances. (See *People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*) [refusal to strike allegations of prior conviction reviewed for abuse of discretion].) We find no abuse of discretion here.

First, the trial court did not preemptively deny defendant's *Romero* motion. As the court explained when defendant moved to withdraw his plea, defendant's initial trial counsel explored the possibility of bringing an oral *Romero* motion "in informal chambers conversations," but the court told him that this motion would fail in light of the recency of his domestic violence conviction and his criminal conduct following that conviction. Accordingly, when the parties went back on the record, the trial court stated that "if, in fact, there is an oral motion for *Romero*, the Court is not going to grant it," and "[i]f this is merely a query made about what the Court would do, the Court, if *Romero* was filed[,] would not be inclined to grant it." Far from objecting, defense counsel thanked the court for considering defendant's request. Nothing in this sequence suggests that the trial court preempted defendant from bringing a *Romero* motion.

Second, the trial court did not reject a *Romero* motion without considering any mitigating circumstances. In moving to withdraw his plea, defendant asserted that his initial trial counsel failed to investigate and raise mitigating circumstances. The prosecutor disagreed. He told the trial court that "[t]his information . . . was presented to the court," but despite this information the court indicated that it would deny a *Romero* motion because of the recency of defendant's domestic violence conviction and the felonies committed after it. Far from disagreeing with the prosecutor, the trial court responded that "Mr. Baum [the prosecutor] is correct" and explained that in light of defendant's criminal history a *Romero* motion "essentially had no hope." While the trial court did not mention mitigating circumstances in its explanation, we see no reason to infer from that omission an implicit denial of the prosecutor's representation that the mitigating circumstances asserted by defendant were raised.

10

Indeed, it was perfectly natural for the trial court to focus on defendant's criminal history in explaining why a *Romero* motion would fail. Section 1385 grants trial courts authority to dismiss actions and strike allegations "in furtherance of justice." (§ 1385, subd. (a).) What furthers justice is determined "by looking within the scheme in question"—here, the Three Strikes law—"as informed by generally applicable sentencing principles." (*People v. Williams* (1998) 17 Cal.4th 148, 160.) Accordingly, when a defendant moves to strike allegations of a prior serious or violent felony conviction under the Three Strikes law, the Supreme Court has instructed courts consider whether, in light of the conviction as well as the defendant's background, character, and prospects, "the defendant may be deemed outside the scheme's spirit." (*Id*. at p. 161.) The spirit of the Three Strikes law is reflected in its stated purpose, which, as noted above, "is to provide greater punishment for recidivists." (*People v. Davis* (1997) 15 Cal.4th 1096, 1099 [discussing § 667, subd. (b)].) This purpose establishes a sentencing norm, which "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony*, *supra*, 33 Cal.4th at p. 376; see also *ibid*. ["In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances."].)

This presumption applies with especial force here. After becoming an adult in 2017, defendant committed at least six felonies over the space of four years—despite being sentenced to three years of imprisonment during that period. In October 2017, he was convicted of felony vehicle theft under section 10851 of the Vehicle Code. Five months later, in February 2018, he was convicted again of the same offense. In July 2019 he was convicted of both domestic violence under section 273.5 and assault with a deadly weapon under section 245, subdivision (a)(1) as well as more felony vehicle theft offenses. And in December 2021, less than a year after his release from prison in January 2021, defendant was found in illegal possession of a controlled substance, a

11

firearm, and ammunition, the conduct underlying the current proceedings against defendant.

This nearly continuous pattern of criminal activity makes defendant the type of " ' "revolving door" ' " criminal that the Three Strikes law was intended to punish. (*Carmony*, *supra*, 33 Cal.4th at p. 379.) Defendant objects that his early crimes were non-violent, that his only two serious crimes were close in time, and that he has not committed a violent felony since his strike offense. We are not persuaded. It is true that defendant's earliest adult offenses involved stolen property and drug use. However, his subsequent convictions involved more serious crimes: In March 2019, he was charged with domestic violence under section 273.5, and a month later he was charged with assault with a deadly weapon in violation of section 245, subdivision (a)(1). Even more important, defendant's many offenses show that he is the type of recidivist that the Three Strikes law was intended to address, which means that "the circumstances must be 'extraordinary' " for one of his convictions to fall outside the spirit of that law and be struck under *Romero*. (*Carmony*, *supra*, 33 Cal.4th at p. 376.)

The trial court acted well within its discretion in concluding that the mitigating circumstances asserted by defendant do not show the extraordinary circumstances demanded by *Romero*. For example, citing *People v. Avila* (2020) 57 Cal.App.5th 1134, defendant points to his youth. It is true that defendant was only 22 when he committed the offenses at issue this case and only 19 when convicted of domestic violence and assault with a deadly weapon. However, in sharp contrast to the defendant in *Avila*, who tried to reform and at one point had successfully avoided committing any felonies for more than a decade (*id.* at p. 1144), defendant has not stopped committing felonies for any significant period during his adult life.

Defendant also points to his drug addiction. While a mitigating circumstance, drug abuse is far from extraordinary. Consequently, as numerous decisions have recognized, by itself, a drug addiction or substance abuse does not bring a defendant

12

outside the spirit of the Three Strikes law and justify a strike under *Romero*. (*In re Large* (2007) 41 Cal.4th 538, 14; *Carmony*, *supra*, 33 Cal.4th at p. 378; *People v. Leavel* (2012) 203 Cal.App.4th 823, 837.) Indeed, in light of the absence of any successful rehabilitative efforts, defendant's drug addiction casts doubt on his future prospects and therefore weighs *against* striking prior felony conviction allegations. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 906-907.)

Defendant asserts that his most current offenses—the possession of a controlled substance with a firearm in violation of Health and Safety Code section 11370.1, subdivision (a)—were non-violent. Given the presence of a firearm, this assertion is questionable. Even more important, the conviction that defendant seeks to strike, his 2019 domestic violence conviction, was violent: Defendant punched his former girlfriend in the face "with closed [fists]," causing "bruising and swelling." In addition, based on an incident a month later in which he brandished a knife, he was convicted of assault with deadly weapon. Thus, defendant cannot plausibly claim that he is a non-violent offender.

Finally, defendant notes that he suffered childhood trauma. While that also is a mitigating circumstance, in the face of defendant's continuous criminal activity it provides no basis for concluding that he falls outside the spirit of the Three Strikes law. Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) does not help defendant either. That legislation amended section 1385 to require courts to "afford great weight" to a defendant's childhood trauma and to the fact that an offense was not a violent felony. However, these amendments apply only to a party seeking "to dismiss an enhancement." (§ 1385, subd. (c)(1).) Courts have long recognized that "[a] sentencing enhancement is 'an *additional term* of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.) The Three Strikes law is not a sentencing enhancement in this sense; it is an alternative sentencing scheme, which increases the base term rather than adding an additional term to it. (*People v. Burke* (2023) 89

13

Cal.App.5th 237, 243 (*Burke*); see also *People v. Bright* (1996) 12 Cal.4th 652, 656, fn. 2 [§ 664, which prescribes punishments for attempts, is not an enhancement provision because it "establishes an increased *base* term for the crime of attempted murder upon a finding of specified circumstances"].) Moreover, the legislative history expressly recognized this distinction: The Assembly Committee on Public Safety's analysis of Senate Bill No. 81 "states, in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements . . . *but does not encompass alternative penalty schemes*.' " (*People v. Olay* (2023) 98 Cal.App.5th 60, 67 (*Olay*), quoting Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.) as amended Apr. 27, 2021, p. 6.) Accordingly, courts have concluded that "section 1385, subdivision (c) does not apply to the Three Strikes law." (*Olay*, *supra*, 98 Cal.App.5th at p. 69; see *id.* at pp. 64-69; see also *People v. Dain* (2024) 99 Cal.App.4th 399, 411; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2; *Burke*, *supra*, 89 Cal.App.5th at p. 244.)

We conclude that the trial court did not abuse of its discretion in rejecting defendant's request to strike his 2019 domestic violence conviction.

C.     *Motion to Withdraw the Plea*

After defendant retained new counsel, counsel filed a motion to withdraw the plea, contending defendant did not understand that he was agreeing to a specific term of imprisonment and believed that he could be sentenced to probation or local time. Additionally, in arguing the motion, defendant's new counsel asserted there was good cause to withdraw the plea based on ineffectiveness of counsel because defendant's initial trial counsel failed to investigate mitigating circumstances supporting a *Romero* motion or to advise defendant of the immigration consequences of his plea. On appeal, defendant appears to have dropped the contention that his initial trial counsel failed to advise him of the immigration consequences of his plea, most likely in light of his admission at the plea hearing that he knew that he was going to be sentenced to four years imprisonment under the plea. Instead, he now argues only that the trial court

14

abused its discretion in denying his motion to withdraw the plea based on ineffectiveness of counsel.

Under section 1018, "at any time before judgment" a trial court "may . . . for good cause shown" permit a defendant to withdraw a guilty plea. Where ineffectiveness of counsel leads a defendant to plead guilty, there is good cause for withdrawing the plea. (See, e.g., *In re Resendiz* (2001) 25 Cal.4th 230, 239 (*Resendiz*).) However, the defendant bears the burden of demonstrating good cause, and the defendant must do so "by clear and convincing evidence." (*People v. Wharton* (1991) 53 Cal.3d 522, 585.) In addition, because withdrawal of a plea " 'rests in the sound discretion of the trial court,' " appellate courts " 'will not disturb the denial of motion unless the abuse [of discretion] is clearly demonstrated.' " (*Ibid*.) Defendant has failed to make such a demonstration.

### 1. Advice Concerning Immigration Consequences

Defendant asserts that there was good cause to withdraw his plea because his initial trial counsel did not advise him of the adverse immigration consequences of his conviction for possession of a controlled substance with a firearm. Criminal defendants are entitled to effective assistance of competent counsel, which includes accurate advice concerning adverse immigration consequences associated with a guilty plea. (*Padilla v. Kentucky* (2010) 559 U.S. 356, 364, 366-369; *Resendiz*, *supra*, 25 Cal.4th at pp. 240-248.) However, defendant has not shown that he failed to receive such advice.

At the plea hearing, the trial court asked defendant's initial trial counsel if he had advised defendant of the immigration consequences of his plea bargain, and counsel replied that he had. Defendant now asserts that his initial counsel failed to advise him of the immigration consequences based on the absence of any reference to immigration consequences in trial counsel's notes. However, defendant did not present any evidence that those notes, which he did not submit, were comprehensive and would have been expected to document the immigration advice provided. In addition, while defendant's current counsel submitted a declaration recounting conversations with defendant and his

15

initial trial counsel, nothing in the declaration indicates that either denied that defendant was advised of immigration consequences. As a consequence, the trial court did not abuse its discretion in rejecting defendant's assertion that he was not advised of the immigration consequences of his plea.

Defendant's ineffectiveness claim fails for another reason as well. To demonstrate ineffectiveness, a defendant must show not only that counsel's representation was deficient, but also that he or she was prejudiced, "i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*People v. Samayoa* (1997) 15 Cal.4th 795, 845; see also *People v. Miralrio* (2008) 167 Cal.App.4th 448, 463 ["[W]hen a defendant claims misadvisement by defense counsel and seeks a reversal due to ineffective assistance of counsel, the defendant has the burden to show that he or she would have made a different decision had defense counsel advised properly." (Italics omitted.)].)

Defendant has not shown such prejudice. He contends that he would not have entered into the plea agreement had he been advised of its adverse immigration consequences because he has lived in the United States for nearly a third of his life, his mother and his new daughter are here, and he has no ties to Mexico. While these facts show that defendant had strong motives for remaining in the United States, he does not assert he would have been able to defeat the charges against him. Nor can we see any hope of doing so in the face of his admission to police when he was arrested that he possessed the drugs and firearm found in his motel room. Defendant asserts that he would have attempted to negotiate a plea unlikely to trigger deportation or other adverse immigration consequences. But he offers no evidence that the prosecutor would have been able, much less willing, to offer an immigration-safe plea. As a consequence, defendant's only alternative to the plea he accepted was a trial at which he almost certainly would be convicted and would suffer the same or worse adverse immigration consequences as his plea as well as the risk of a sentence greater than the one he received

16

due to the plea bargain. Defendant therefore has not shown a reasonable probability that, but for counsel's deficient performance, he would have rejected the plea agreement that he accepted and therefore was prejudiced. (See, e.g., *Resendiz*, *supra*, 25 Cal.4th at pp. 253-254 [finding no prejudice where defendant's plea reduced his punishment and there was no evidence of any viable defense or alternative immigration-safe plea]; *People v. Mbaabu* (2013) 213 Cal.App.4th 1139, 1149 [no prejudice where "there is nothing in the record to support the conclusion that [defendant] would have been convicted of anything less than two felonies if he had proceeded to trial, or that the People would have been amenable to a 364-day disposition"].)

### 2. Investigation of Mitigating Circumstances

Defendant argues that there was good cause to vacate his plea in light of his initial trial counsel's failure to investigate and present evidence of mitigating circumstances, to challenge the trial court's reliance on his criminal history in rejecting a *Romero* motion, or even to bring a formal motion. As shown above, the record demonstrates that in fact defendant's initial trial counsel informed the trial court of mitigating circumstances. In addition, defendant's initial trial counsel was not deficient in failing to challenge the trial court's reliance on his criminal history or to bring a *Romero* motion because, as shown above, defendant's nearly continuous history of criminal conduct placed him squarely within the spirit of the Three Strikes law and fatally undermined any *Romero* motion. (See *People v. Bell* (2019) 7 Cal.5th 70, 126 ["A decision not pursue futile or frivolous motions does not make an attorney ineffective."].)

Citing the presentence report, defendant also contends that trial counsel should have contested the prosecutor's representation that his domestic violation conviction was a strike on the ground that the conviction did not involve great bodily injury and therefore was not a serious felony and a strike under the Three Strikes law. In fact, the presentence report shows the opposite. As noted above, it states that defendant punched his former girlfriend "in the face and head with closed [fists] three or four times" and then "hit her

again four times in the head," causing "bruising and swelling in her eyes." Under California law, " 'great bodily injury' means a significant or substantial physical injury." (§ 12022.7, subd. (f).) Accordingly, courts have found great bodily injury where, as here, the victim suffered contusions (bruises) and swelling. (*People v. Jaramillo* (1979) 98 Cal.App.3d 830, 836 [finding great bodily injury where victim suffered "multiple contusions . . . and the injuries caused swelling and left severe discoloration"]; *People v. Sanchez* (1982) 131 Cal.App.3d 718, 734 ["serious contusions, lacerations, and abrasions" sufficient to establish great bodily injury]; see also *People v. Washington* (2012) 210 Cal.App.4th 1042, 1047 ["An examination of California case law reveals that some physical pain or damage, such as lacerations, bruises, or abrasions is sufficient for a finding of 'great bodily injury.' "].)

In addition, even if the injuries that defendant inflicted on his former girlfriend were not sufficient to constitute great bodily injury, defendant suffered no prejudice. Defendant also had a prior conviction for assault with a deadly weapon under section 245, subdivision (a)(1). That offense automatically qualifies as a serious felony under the Three Strikes law because it is included in the relevant definition of serious felony. (§ 1192.7, subd. (c)(31) [defining "serious felony" to include "assault with a deadly weapon . . . in violation of Section 245"]; see also § 667, subd. (d)(1) [incorporating section 1192.7's definition of serious felony].) Consequently, even if trial counsel had shown that defendant's domestic violence conviction does not qualify as a strike, the People simply would have amended the information to allege defendant's assault with a deadly weapon conviction as a strike—as in fact the People did after the plea hearing. For this reason as well, defendant failed to demonstrate good cause to vacate his plea.

### 3. The Sentence

Finally, defendant contends that his initial trial counsel was deficient in failing to advise him that the sentence negotiated in his plea agreement did not provide him with

18

significant benefit.  Because this argument raises factual issues, and defendant did not assert it in the trial court in either his written motion or in his oral argument, we deem the argument forfeited.  (See, e.g., *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997 [" 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal' "].)

### III.  DISPOSITION

The judgment is affirmed.

19

_____
BROMBERG, J.

WE CONCUR:



_____
GROVER, ACTING P. J.




_____
LIE, J.




*People v. Perez-Niebles*
H051062